**LEWISTON DAILY SUN, d/b/a Sun–Journal/Sunday**

v.

**CITY OF LEWISTON and Laurent F. Gilbert, Sr.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1991.
Decided Sept. 11, 1991.

Charles H. Abbott, Bryan M. Dench, (orally) Skelton, Taintor & Abbott, Auburn, for plaintiff.

Ronald P. Lebel, (orally) Peter B. Dublin, Rocheleau, Fournier & Lebel, Lewiston, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

McKUSICK, Chief Justice.

On August 23, 1991, the Superior Court (Androscoggin County, *Cole, J.*), acting pursuant to the Freedom of Access Act, 1 M.R.S.A. §§ 401–410 (1989 & Supp.1990), ordered the City of Lewiston and its Chief of Police to provide the Lewiston Daily Sun (the "newspaper") documents or excerpts revealing the identity of the police officer who fired shots injuring a Lewiston resident on August 13, 1991. On appeal we vacate that order. At the current stage of the ongoing disciplinary and criminal investigations of the shooting incident, the City's records from which the newspaper seeks information are declared confidential by two other statutes that read directly on the present fact situation. *See* 30–A M.R.S.A. § 2702(1)(B)(5) (Pamph.1990) (municipal employee personnel records); 16 M.R.S.A. § 614(1)(A) (Supp.1990) ("Criminal History Record Information Act").

On August 13, 1991, the Lewiston police were called to the Tall Pines apartment complex in response to a reported domestic disturbance. There, in a confrontation with a Tall Pines resident, Michael Roy, the police fired two shots, seriously wounding Mr. Roy. The Attorney General, the Maine State Police, and the Lewiston Police Department undertook a criminal investigation of the whole incident, as well as an internal affairs disciplinary investigation of the conduct of the police officers involved in it. The newspaper has had access to the police log providing basic information about the incident. The City, however, denied the newspaper's request pursuant to the Freedom of Access Act for identification of the specific officer who fired the shots, on the ground that the records of the ongoing investigations are rendered confidential by other statutes. The newspaper promptly filed a complaint in the Superior Court appealing that denial pursuant to section 409 of the Freedom of Access Act and seeking access to the investigative records to the extent necessary to identify the officer. The court gave the parties an expedited hearing as provided by section 409. The parties submitted the case to the court on an evidentiary record consisting of the affidavit of an official of the newspaper and the affidavit of the Lewiston Chief of Police. That evidence established:

The identity of the officer who fired the shots which struck Mr. Roy is contained solely within the documents and materials which relate to either the criminal investigation which is ongoing in connection with the incident in question, or the internal affairs investigations conducted by the Lewiston Police Department and the Office of the Attorney General with regard to complaints or allegations that the officer used excessive force under the circumstances.

The Superior Court, without making express findings of fact, held that the newspaper was entitled to the requested information under the Freedom of Access Act. The City promptly appealed. At the newspaper's request, we have given the City's appeal an expedited hearing.

In the circumstances here presented, the legislature has provided that the newspaper has no right of access to the records of the City containing the requested information. The newspaper's rights under the Freedom of Access Act are limited by the exception stated in the Act for any records

declared confidential by other statutes. First, section 402(3)(A) of the Act, in defining the "public records" that must be open to public access, expressly excepts "[r]ecords that have been designated confidential by statute." Moreover, section 408 giving "every person ... the right to inspect and copy any public record" commences with the limiting language: "Except as otherwise provided by statute." Pursuant to that twice-stated exception to the Freedom of Access Act, two other statutes, which relate specifically to the records of municipal employee disciplinary investigations and of criminal investigations, prevent the City from releasing the records.

The first of those special statutes that control this appeal is 30–A M.R.S.A. § 2702, a section entitled "Personnel Records" appearing in a subchapter of the municipal laws entitled "Municipal Employment." Section 2702 reads in pertinent part as follows:

> **1. Confidential records.** The following records are confidential and not open to public inspection. They are not "public records" as defined in Title 1, section 402, subsection 3. These records include:
>
> . . . .
>
> **B.** Municipal records pertaining to an identifiable employee and containing the following:
>
> . . . .
>
> (5) Complaints, charges or accusations of misconduct, replies to those complaints, charges or accusations and any other information or materials that may result in disciplinary action. If disciplinary action is taken, the final written decision relating to that action is no longer confidential after it is completed. . . .

The records to which the newspaper seeks access plainly fall within section 2072's definition of "confidential records." They pertain to an identifiable employee of the City, the officer who shot Mr. Roy, and they contain "information ... that may result in disciplinary action" against that officer. It is no answer to say that all the newspaper wants is a name; what it wants is the name of the police officer who the City's internal affairs investigative records show was responsible for shooting Mr. Roy. The very first question to determine in the disciplinary investigation is which of the several police officers at the scene did the shooting. In any event, the legislative mandate of confidentiality for municipal employee disciplinary records does not permit the partial opening of such records that is urged by the newspaper. It is evident on the face of section 2702 that the legislature believed the public interest is best served by protecting municipal employees from public disclosure of any of their personnel records except the final written report of any disciplinary action taken against them. Section 2702 gives that protection to the police officer who is the subject of the ongoing disciplinary investigation of the Tall Pines incident.

The second of the confidential records statutes that control this appeal is 16 M.R.S.A. § 614, a section entitled "Limitation on dissemination of intelligence and investigative information" appearing in the Criminal History Record Information Act. Section 614 reads in pertinent part as follows:

> Reports or records in the custody of a local, county or district criminal justice agency ... containing intelligence and investigative information shall be confidential and shall not be disseminated, if public release or inspection of the report or record *may*:
>
> A. Interfere with law enforcement proceedings; [or]
>
> B. Result in public dissemination of prejudicial information concerning an accused person or concerning the prosecution's evidence that will interfere with the ability of a court to impanel an impartial jury. . . .

(Emphasis added.) To the extent the information sought by the newspaper is contained in the City's files on the ongoing criminal investigation of the Tall Pines incident, the legislature has in section 614 directed that it shall not be disseminated *if* public release *may* interfere with law enforcement proceedings. On the issue of

the effect of such release, the only relevant evidence before the trial court and now before us on appeal is the affidavit of the Lewiston Chief of Police stating that "disclosure of the information sought by the [newspaper] *would* interfere with all of the ongoing investigations, including the criminal investigations." (Emphasis added.) In the absence of any contradictory evidence, or even any testing of the Police Chief's testimony through cross-examination, no court is justified in finding the negative of the statutory predicate for confidentiality of the City's records of the Tall Pines criminal investigation—particularly because that predicate requires only that public release *may* interfere with law enforcement proceedings and the consequences of an erroneous public release are irreversible. Since *the records of the ongoing investigation* are confidential under the first branch of section 614, we need not consider the City's assertion that they are also confidential under the second branch on the ground that public release would interfere with getting an impartial jury for any resulting criminal trial.

This case highlights the conflict that exists between the public interest in open access to governmental records, on the one hand, and the public interest in protecting the integrity of criminal investigations and in preventing unfair prejudice to public employees, on the other. It is the function of the legislature, and not of the courts, to resolve that conflict and it has done so. In the particular factual circumstances presented by the newspaper's request for information from the City's records, the legislature has resolved those conflicting public interests in favor of confidentiality.

The entry is:

Judgment vacated.

All concurring.