2004 ME 128

**Clark RICE**

v.

**CITY OF BIDDEFORD.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Sept. 9, 2004.

Decided: Oct. 25, 2004.

Thomas G. Van Houten, Esq., Sanford, for plaintiff.

Michael E. Saucier, Esq., Thompson & Bowie, LLP, David L. Herzer Jr., Esq., Norman, Hanson & DeTroy, LLC, Portland, for defendants.

Panel: SAUFLEY, C.J. and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] In this action under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8119 (2003), the City of Biddeford appeals from the denial of its motion for a summary judgment by the Superior Court (York County, *Brennan, J.*). The City asserts that there are no disputes as to material facts and that it is immune from suit under the Maine Tort Claims Act. Because the "repair" exception to immunity under the Maine Tort Claims Act, 14 M.R.S.A. § 8104-A(4)(2003), does not apply to the facts of this case, the City is immune from liability under the Maine Tort Claims Act. Accordingly, we vacate the Superior Court's judgment and remand for entry of a judgment for the City of Biddeford.

I. CASE HISTORY

[¶ 2] The statements of material fact, adequately supported by record references, submitted by the parties pursuant to M.R. Civ. P. 56(h), establish the following facts underlying this action. On August 23, 2000, employees from the City of Biddeford went to 24 Pearl Street to address drainage problems relating to a catch basin. With a vacuum truck, they opened and cleaned out several catch basins, including one on property owned by a private landlord, Riverdam, and rented to Twin City Taxi. Twin City Taxi employed Clark Rice.

[¶ 3] While cleaning out the catch basin on the Riverdam property, the catch basin cover was damaged. On August 23, the City workers did not have an adequate replacement cover, so they placed an improperly fitting cover on the catch basin as a temporary solution. The City asserts that the workers then put a pallet and barricade on top of the cover, and at least the pallet was observed on top of the improperly fitting cover the next morning.

[¶ 4] On the morning of August 24, when City employees returned, they found their work from the previous day undisturbed, and they replaced the improperly fitting cover with a cover that fit properly. The City's repair work was then completed, the barricade and pallet were removed, and City workers left the scene.

[¶ 5] Rice asserts that he observed the replaced cover and that he "walked around it for a few days." He also asserts that "two or three days" after he saw the work being done by the vacuum truck, he fell into the catch basin and was injured. The injury report submitted by Rice to the City of Biddeford on October 4, 2000, stated that the date of his injury was between August 26 and September 3, 2000. Rice testified in his deposition that, while he did not know the date on which the injury occurred, it had occurred sometime after noon and before 3:00 P.M.

[¶ 6] In 2002, Rice brought a claim against the City of Biddeford and against the property owner, Riverdam. Rice asserted that the City is liable under an exception to immunity for negligence occurring "during the performance of construction, street cleaning or repair opera-

tions on any highway, town way, sidewalk, [or] parking area ...." 14 M.R.S.A. § 8104–A(4).[1]

[¶ 7] After some discovery was completed, the City and Riverdam each brought a motion for summary judgment pursuant to M.R. Civ. P. 56. The motions were denied by the Superior Court. The City then brought this appeal.

■ [¶ 8] After the claim against Riverdam was dismissed, the City's appeal of the denial of its motion for a summary judgment is properly before us for consideration. A governmental entity claiming immunity from suit may appeal the denial of a motion to dismiss or a motion for summary judgment, in which a legitimate claim of immunity is asserted, as an interlocutory appeal and an exception to the final judgment rule. *Pratt v. Ottum*, 2000 ME 203, ¶ 15, 761 A.2d 313, 318; *Webb v. Haas*, 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264.

## II. STANDARD OF REVIEW

■ [¶ 9] We review a ruling on a motion for summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party, to decide whether the parties' statements of material fact and referenced record evidence reveal a genuine issue of material fact. *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380. To avoid a judgment as a matter of law, a plaintiff must establish facts that, if believed, would support each element of plaintiff's cause of action.

*Champagne v. Mid–Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845.

## III. APPLICABILITY OF THE MAINE TORT CLAIMS ACT

■ [¶ 10] In consideration of this appeal, we assume, *arguendo*, that City workers opening and cleaning out a catch basin on private property adjacent to a city street constitutes the performance of a construction, street cleaning, or repair operation on a highway, town way, sidewalk, or parking area for purposes of considering applicability of the "repair" exception to immunity pursuant to 14 M.R.S.A. § 8104–A(4).

■ [¶ 11] To generate liability pursuant to section 8104–A(4), the injury must occur "during the performance of ... repair operations ...." *Id.* In interpreting the "repair" exception to immunity under the Maine Tort Claims Act, both the governmental entity's negligence and the resulting injury to the claimant must occur during the course of the construction, street cleaning, or repairs at issue. *Dubail v. Dep't of Transp.*, 1998 ME 126, ¶ 7, 711 A.2d 1301, 1303; *Thompson v. Dep't of Transp.*, 521 A.2d 293, 294–95 (Me.1987) (interpreting the similarly worded provisions of former 14 M.R.S.A. § 8104(4), *repealed and replaced by* P.L.1987, ch. 740 § 4 (effective Aug. 4, 1988), *codified at* 14 M.R.S.A. § 8104–A(4)); *Rivard v. City of Lewiston*, 516 A.2d 555, 556 (Me.1986). If an injury occurs only after repairs have

---

1. Section 8104–A(4) reads as follows:

   A governmental entity is liable for its negligent acts or omissions arising out of and occurring during the performance of construction, street cleaning or repair operations on any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of those ways including, but not limited to, street signs, traffic lights, parking meters and guardrails. A governmental entity is not liable for any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway or in any appurtenance thereto.

been completed, immunity is not waived by section 8104–A(4).

[¶ 12] Rice's responses to the City's statement of material facts establish, without dispute, that the City completed its repairs and left the scene no later than the morning of August 24, 2000. Rice's own interrogatory responses and deposition testimony, reflected in the statements of material fact, also indicate that he asserts he was injured two or three days after he had observed the catch basin cleaning on August 23, and that, although he attempted to qualify his sworn statements, he was injured no earlier than the afternoon of August 24, 2000, after completion of the repairs. Because any injury claimed by Rice occurred after the repairs were completed, no exception to immunity is generated by section 8104–A(4). Accordingly, the City of Biddeford is entitled to a summary judgment.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of a judgment in favor of the defendant, City of Biddeford.