2006 ME 9

**Gloria A. PINKHAM**

v.

**RITE AID OF MAINE, INC.**

Supreme Judicial Court of Maine.

Argued: Nov. 15, 2005.
Decided: Feb. 1, 2006.

Arthur J. Greif, Esq. (orally), Gilbert & Greif, P.A., Bangor, for plaintiff.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Gloria A. Pinkham appeals from a summary judgment entered in the Superior Court (Hancock County, *Mead, J.*) contending that the court erred by (1) denying her motion to strike specified portions of Rite Aid of Maine, Inc.'s statement of material facts, and (2) finding that Pinkham was not a "qualified individual with a disability" pursuant to 5 M.R.S. § 4553(8–D) (2005). Because a genuine issue of material fact exists concerning the essential functions of the job and Pinkham's ability to perform those functions, we vacate the judgment.[1]

---

1. Because a genuine issue of material fact exists regardless of the court's ruling on the motion to strike, we do not address that issue.

## I. BACKGROUND

[¶ 2] Pinkham began working at Rite Aid in Ellsworth as a cashier on June 2, 2001. She had sustained a work-related injury prior to her employment with Rite Aid. As a result of that injury, Pinkham's treating physician severely restricted her in certain activities. Despite these restrictions, Rite Aid hired her, and she did her work with some accommodation through assistance from other store employees. After working at Rite Aid for approximately seven months, Pinkham's symptoms worsened, and she began suffering increased pain from her activities. Ultimately, on the advice of her primary care physician, she took a leave of absence from her job for approximately two months.

[¶ 3] When Pinkham returned to work at Rite Aid in late February of 2002, her primary care physician had updated her work restrictions, but she resumed her work as a cashier with management accommodating her special requirements. Just as prior to her absence, she was not able to crank up the security shades in the morning, or carry totes into the store from the delivery trucks. Otherwise, Pinkham contends that she performed the duties of a cashier.

[¶ 4] In early March of 2002, Rite Aid's district manager claims to have observed Pinkham standing by the cash register reading a magazine, which is not permitted. During an ensuing conversation, the district manager and the two store managers discussed Pinkham's work restrictions and decided that, due to the restrictions from her physician, she was unable to perform the essential functions of the cashier position. Rite Aid thereafter terminated Pinkham's employment, but told her that she could return to work once she could lift two pounds. When she returned to Rite Aid with a note from her doctor, she was given a written cashier's job description and told that she could not return to work until she could perform all of the required duties.

[¶ 5] After satisfying the procedural requirements of the Human Rights Act, see 5 M.R.S. §§ 4611, 4612, 4613 (2005), Pinkham filed a complaint in the Superior Court, claiming that Rite Aid had violated her right to freedom from employment discrimination based on her disability. Rite Aid filed a motion for a summary judgment, pursuant to M.R. Civ. P. 56(b), arguing that Pinkham failed to generate any evidence that she was capable of performing the essential functions of a Rite Aid cashier. Pinkham filed a motion to strike certain portions of Rite Aid's statement of material facts. The Superior Court denied Pinkham's motion to strike and granted Rite Aid's motion for a summary judgment. This appeal followed.

## II. DISCUSSION

▄▄▄▄▄▄ [¶ 6] "We review a ruling on a motion for summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party, to decide whether the parties' statements of material fact and referenced record evidence reveal a genuine issue of material fact." *Rice v. City of Biddeford,* 2004 ME 128, ¶ 9, 861 A.2d 668, 670. "A material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "A genuine issue exists when sufficient evidence supports a factual contest to require a factfinder to choose between competing versions of the truth at trial." *Id.*

[¶ 7] Title 5 M.R.S. § 4572(2) (2005) provides in part: "A covered entity may not discriminate against a qualified individual with a disability because of the disability of the individual in regard to . . . discharge of employees . . . ." The statute defines a "qualified individual with a disability" as "an individual with a physical or mental

disability who, *with or without reasonable accommodation,* can perform the essential functions of the employment position that the individual holds or desires." 5 M.R.S. § 4553(8–D)(B) (emphasis added).

[¶ 8] Pinkham and Rite Aid dispute both the essential functions of the cashier position and whether Pinkham was able to perform those essential functions. Most significantly, Pinkham contends that she could perform the essential functions, that she did perform them for almost seven months prior to her leave of absence, and, furthermore, that she continued to perform them in the weeks following her medical leave before she was fired. On the other hand, Rite Aid contends that Pinkham's work restrictions conclusively demonstrate that she was not capable of performing the essential functions of the job.

[¶ 9] There is sufficient evidence in the record to conclude only that the essential functions of the cashier position include: (1) cashing out customers at the register; (2) stocking shelves; (3) marking price changes; and (4) assisting in the photo department. Although Pinkham acknowledges that other cashiers also crank up the security shades and unload totes from the delivery trucks, she was not required to perform either of those duties throughout her time at Rite Aid. What exactly the essential functions of the job were is a factual matter that is in dispute.

[¶ 10] Rite Aid hired Pinkham as a cashier knowing of her prior injury and that she was restricted from certain activities. The record reflects that Rite Aid made accommodations for her restrictions throughout the first seven months of her employment. Pinkham contends that her physical condition was substantially the same after her leave of absence as it was before, and that she was able to, and did, perform the cashier duties as she had previously done. Rite Aid relies upon the amended work restrictions provided by Pinkham's primary care physician to support its conclusion that she was unable to perform the cashier duties following her return.

[¶ 11] The question of whether or not Pinkham was able to perform the cashier duties, with or without reasonable accommodation, certainly affects the outcome of the present case, and is a material fact. The parties' statements of material facts create a factual dispute concerning whether Pinkham was actually capable of performing those duties. Considering the evidence in the light most favorable to Pinkham, which we must in the summary judgment context, a genuine issue of material fact exists concerning whether Pinkham was capable of performing the essential functions of the cashier job, and moreover, what exactly those functions were. These factual issues must be determined by the fact-finder, and, therefore, the grant of summary judgment was inappropriate.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.