2006 ME 55

SOUTH PORTLAND POLICE PATROL ASSOCIATION et al.

v.

CITY OF SOUTH PORTLAND.

Supreme Judicial Court of Maine.

Submitted on Briefs: March 22, 2006.

Decided: May 9, 2006.

Daniel R. Felkel, Troubh Heisler, Portland, for the plaintiffs.

Mary Kahl, City of South Portland, South Portland, for the defendant.

Panel: CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] The South Portland Police Patrol Association and the South Portland Police Command & Supervisory Unit (hereinafter referred to collectively as "SPPPA") appeal from the Superior Court's (Cumberland County, *Crowley, J.*) grant of summary judgment in favor of the City of South Portland denying SPPPA access to a report prepared by the City's director of human resources. SPPPA argues that the court erred by (1) granting the City's motion because the City failed to allege certain facts necessary to establish that the report is not subject to public disclosure, and (2) denying its request to continue the City's motion for summary judgment pursuant to M.R. Civ. P. 56(f). We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] In January of 2005, an officer in the South Portland Police Department filed a complaint with the City's director of human resources. In his complaint, the officer named the deputy police chief, alleging harassment, discrimination, and a hostile work environment. In response to the complaint, the director of human resources conducted an internal investigation, interviewing members of the South Portland Police Department. In March of 2005, following the investigation, the director of human resources issued a report containing her findings. No disciplinary action was taken against the deputy police chief as a result of the complaint or investigation.

[¶ 3] In April of 2005, SPPPA requested a copy of the report from the City pursuant to the Freedom of Access Act, 1 M.R.S. §§ 401–410 (2005). The City denied the request. SPPPA appealed the City's denial to the Superior Court pursuant to M.R. Civ. P. 80B.

[¶ 4] After the parties were unable to agree on a stipulation of facts, SPPPA initiated discovery, propounding to the City a set of interrogatories and a request for the production of documents. Soon thereafter, but before responding to SPPPA's discovery, the City filed a motion for summary judgment. The court granted the City's motion, finding that the report is a municipal personnel record not subject to public disclosure pursuant to 30-A M.R.S. § 2702 (2005). The court also held that those portions of the report that did not mention a specific employee could be made available, subject to redact-

ing the confidential portions.[1] This appeal followed.

## II. DISCUSSION

[¶ 5] We review the grant of a motion for summary judgment de novo. *Green v. Lawrence,* 2005 ME 90, ¶ 6, 877 A.2d 1079, 1081. In conducting our review, we "view[ ] the evidence in the light most favorable to the nonmoving party, to decide whether the parties' statements of material fact and referenced record evidence reveal. a genuine issue of material fact." *Pinkham v. Rite Aid of Maine, Inc.,* 2006 ME 9, ¶ 6, 889 A.2d 1009, 1010 (quoting *Rice v. City of Biddeford,* 2004 ME 128, ¶ 9, 861 A.2d 668, 670). "A material fact is one that has the potential to affect the outcome of the suit." *Kinney v. Me. Mut. Group Ins. Co.,* 2005 ME 70, ¶ 15, 874 A.2d 880, 884. "We review questions of statutory interpretation de novo." *Darling's v. Ford Motor Co.,* 2006 ME 22, ¶ 6, 892 A.2d 461, 464 (citing *Landis v. Hannaford Bros. Co.,* 2000 ME 111, ¶ 9, 754 A.2d 958, 960). When interpreting a statute, we accord its words their plain ordinary meaning. *City of Bangor v. Penobscot County,* 2005 ME 35, ¶ 9, 868 A.2d 177, 180. If the statute's meaning is clear, we do not look beyond its words, unless the result is illogical or absurd. *Kapler v. Kapler,* 2000 ME 131, ¶ 17, 755 A.2d 502, 508.

[¶ 6] The Legislature has mandated that, "[e]xcept as otherwise provided by statute, every person has the right to inspect and copy any public record." 1 M.R.S. § 408(1); *see also* 1 M.R.S. § 402(3) (defining public records). However, "[r]ecords that have been designated confidential by statute" fall outside the ambit of section 402(3). 1 M.R.S. § 402(3)(A).

Records that are designated confidential and therefore not available to the public are records of disciplinary investigations about or concerning municipal employees, unless disciplinary action is imposed. 30–A M.R.S. § 2702(1)(B)(5); *Lewiston Daily Sun v. City of Lewiston,* 596 A.2d 619, 621 (Me.1991). The section excepting those municipal employee records from public disclosure provides, in pertinent part:

**1. Confidential records.** The following records are confidential and not open to public inspection. They are not "public records" as defined in Title 1, section 402, subsection 3. These records include:

. . . .

B. Municipal records pertaining to an identifiable employee and containing the following:

. . . .

(5) Complaints, charges or accusations of misconduct, replies to those complaints, charges or accusations and any other information or materials that may result in disciplinary action. If disciplinary action is taken, the final written decision relating to that action is no longer confidential after the decision is completed if it imposes or upholds discipline . . . .

30–A M.R.S. § 2702(1)(B)(5).

[¶ 7] A review of the parties' statements of material facts and of the record reveals that there are a number of facts not in dispute. For instance, there is no dispute that the officer filed a complaint with the director of human resources, naming the deputy police chief in her official capacity, and alleging harassment, discrimination, and a hostile work environ-

---

1. The City does not challenge the court's decision as to the portions of the report deemed public.

ment. Additionally, after the complaint was filed, the director of human resources conducted an internal investigation, interviewing members of the South Portland Police Department to determine the veracity of the allegations contained in the complaint. Her investigation resulted in the issuance of the report at issue, which mostly pertains to an identifiable employee, the deputy police chief. Further, no disciplinary action was taken against the deputy police chief following the investigation. Based on these facts not in dispute,[2] the report sought by SPPPA, as it pertains to the deputy police chief, is a confidential record and is not subject to public disclosure. *See* 30-A M.R.S. § 2702(1)(B)(5).

[¶ 8] SPPPA argues, however, that the report does not fall within section 2702(1)(B)(5) because the City failed to allege that the report is housed in the deputy police chief's personnel file. This argument is unavailing because the statute does not require the City to allege where the report is physically kept. The dispute between the parties before the Superior Court and on appeal is whether the report falls within the municipal employee personnel records exception to public disclosure. The location of the document has no bearing on its status under this statute.

[¶ 9] We also reject SPPPA's argument that the report does not fit within the confines of section 2702 because it is not the deputy police chief's response to the officer's complaint. Such a constrained reading of the statute is at odds with its plain wording, and is counter to the Legislature's intent. *See Lewiston Daily Sun,* 596 A.2d at 621 ("It is evident on the face of section 2702 that the legislature believed the public interest is best served by protecting municipal employees from public disclosure of any of their personnel records except the final written report of any disciplinary action taken against them."). Moreover, SPPPA's interpretation of the statute would serve to eliminate the protection from "unfair prejudice" granted to municipal employees who are the subject of complaints that are later deemed to be without merit by making public those complaints and investigatory records that may contain damaging unsubstantiated accusations.

[¶ 10] In addition to its argument regarding the merits of the City's motion for summary judgment, SPPPA argues that the court erred by not continuing the motion because it had insufficient time to pursue discovery before it was required to respond. *See* M.R. Civ. P. 56(f).[3]

[¶ 11] We review the trial court's denial of a party's Rule 56(f) motion for an abuse of discretion. *Selby v. Cumberland County,* 2002 ME 80, ¶ 12, 796 A.2d 678, 682. The "party against whom a claim ... is asserted ... may, at any time, but within such time as not to delay the trial, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." M.R. Civ. P. 56(b). However, "Rule 56(f) protects a party opposing a

---

2. SPPPA argues that there are a number of facts in dispute here. Although there are some facts that appear to be in dispute, none of those facts are material. *See Kinney v. Me. Mut. Group Ins. Co.,* 2005 ME 70, ¶ 15, 874 A.2d 880, 884.

3. Maine Rule of Civil Procedure 56(f) provides:

**When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

summary judgment motion who for valid reasons cannot by affidavit ... present facts essential to justify the adverse party's opposition to the motion." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2740, at 397 (1998) (quotation marks omitted).

[¶ 12] The party who seeks a continuance pursuant to Rule 56(f) must, inter alia, "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist," and must further "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178, ¶ 22, 814 A.2d 449, 454–55 (quoting *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 46 n. 4 (1st Cir.1999)). In none of the materials filed in support of its request for a continuance did SPPPA articulate specific facts that it would seek to discover if allowed more time for discovery, and it obviously did not show how such facts would influence the trial court's decision on the motion. Accordingly, the trial court did not exceed the bounds of its discretion by not continuing the City's summary judgment motion.

The entry is:

Judgment affirmed.