STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                      Docket No. RE-05-63


NORTHLAND REALTY LLC,

        Plaintiff,

        v.                                            ORDER

CITY OF PORTLAND, et al.,

GARBRECHT
LIBRARY

AUG 2 0 2007
        Defendants.


Before the court is defendant City of Portland's motion to dismiss or in the

alternative for summary judgment. The City is seeking dismissal of Counts I and II of

the complaint, which are the only counts brought against the City.[1]

The dispute involves a landlocked parcel of real property owned by plaintiff

Northland Realty LLC[2] in Falmouth, very close to the line between Falmouth and

Portland. Certain of the land surrounding the Northland lot, although located in

Falmouth, is owned by the City of Portland. In its claims against the City of Portland,

Northland first contends that its land abuts the Washington Avenue Extension, which it

contends is a public way of the City of Portland, and that therefore Northland can

access its property along the Washington Avenue Extension (Count I). Northland's

second claim against the City of Portland is that it is entitled to access its property using

a paper street that crosses land owned by the City of Portland (Count II).

---

[1]  Counts III and IV of the complaint are asserted against defendants Bernard and Beverly
Crawford.
[2]  It appears from the materials presented on the motion for summary judgment that the actual
name of the entity that owns the property in question is Northland Realty Management LLC.
See deed attached as Exhibit A to the complaint. The record does not reveal whether that entity
is the same as Northland Realty LLC, the named plaintiff in this action.

1.      Motion to Dismiss

The City's motion to dismiss is directed to Count I of the complaint. For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only by dismissed when it appears beyond a doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 756 A.2d 217, 200.

Considered under this standard, the City's motion to dismiss must be denied. Although the complaint may not be a model of clarity, it adequately alleges in Count I that while the paved portion of Washington Avenue Extension does not abut Northland's property, Complaint ¶ 9, adjoining property owned by the City is also part of the Washington Avenue Extension and that property does abut Northland's property. Complaint ¶ 12.


2.      Motion for Summary Judgment

The City's motion for summary judgment is addressed to both Counts I and Count II. Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant.

2

Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

At the outset, Northland argues that the motion for summary judgment should be denied because the motion was brought while discovery was still ongoing. There is, however, nothing to prevent a defendant from filing a motion for summary judgment at any point. M.R.Civ.P. 56(b). If a party contends that it cannot respond to a motion for summary judgment without engaging in discovery, it may file an affidavit complying with Rule 56(f). However, Northland has not filed a motion or affidavit complying with Rule 56(f). See Curtis v. Allstate Insurance Co., 2002 ME 9 ¶ 33 n.7, 787 A.2d 760, 769 n.7.

Moreover, even if the court were to overlook that Northland has not filed an affidavit as required by Rule 56(f), the only discovery proposed by Northland in its memorandum of law is a disposition of Linda Cohen on unspecified subjects. This does not satisfy the requirement of Rule 56(f). See South Portland Police Patrol Assn v. City of South Portland, 2006 ME 55 ¶¶ 11-12, 896 A.2d 960, 965; Bay View Bank N.A. v. Highland Golf Mortgages Realty Trust, 2002 ME 178 ¶ 22, 814 A.2d 449, 454-55.

Northland also argues that the City's motion for summary judgment should be denied because the City included its statement of material facts, with numbered paragraphs and citations, as part of a pleading entitled "motion to dismiss and for summary judgment." Northland argues this violates the requirement that a motion for summary judgment be supported by a "separate, short, and concise statement of material facts." M.R.Civ.P. 56(h)(1). In the court's view, if the statement of material facts is set forth in a separate section and otherwise complies with Rule 56(h), it need

not be filed as a separate pleading. While it would be better practice to file the statement of material facts as a separate pleading, the rule is designed to prevent a party from interspersing its statement of facts with its legal argument and forcing the court to search through legal argument in order to determine what facts a party claims are uncontested.

In this case, the court has no difficulty discerning from the separate section entitled "statement of material fact" in the City's motion exactly which facts the City contends are undisputed and the portions of the record that the City contends establishes those facts. Northland has responded to each of the numbered paragraphs in the City's statement of material facts (SMF). Accordingly, the court will consider the City's motion on its merits.[3]

It bears emphasis that while Northland faults the City for what is at most a technical deficiency in the City's motion, Northland's own statement of material facts has more substantive problems. Specifically, Northland's response to the City's SMF includes many denials that are unaccompanied by any record citations, in violation of M.R.Civ.P. 56(h)(4), and Northland's statement of additional facts frequently cites only to Northland's amended complaint – in violation of M.R.Civ.P. 56(e) ("when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleadings but

---

[3] Northland also contends that the affidavit of City of Portland Clerk Linda Cohen, which forms part of the basis for the City's motion, is deficient and should be disregarded. As set forth below, the court does not need to reach this issue because it can decide the motion without relying on Ms. Cohen's affidavit. If it did have to reach this issue, however, the court would disagree with Northland's contention that the affidavit should be disregarded because, while it states that Ms. Cohen "searched the records of prior City Council orders," it does not expressly state that she searched "all" the records. Ms. Cohen's affidavit is sufficient to support the proposition that the records were searched. If it seeks to controvert that affidavit, Northland is obligated to provide countervailing evidence – to the effect that Ms. Cohen's search was incomplete or that, notwithstanding her search, a relevant City Council order exists.

4

must respond by affidavits or as otherwise provided by this rule"). See, e.g., Northland's Response to the City's SMF ¶¶ 5, 7, 13; Northland's Opposing Statement of Material Facts ¶¶ 6-8, 13, 23, 28-30.

3.    Count I – Access to Washington Avenue Extension

In order to prevail on Count I, Northland must first establish that its landlocked parcel abuts the Washington Avenue Extension right of way. On this issue the City of Portland has offered the affidavit of a professional land surveyor employed by the City who states that no portion of the right of way of the Washington Avenue Extension extends into the adjacent municipality of Falmouth and no portion comes in contact with the parcel owned by Northland. City SMF ¶ 12, 13; Affidavit of Camille Alden ¶¶ 6-7.

In response to paragraph 12 of City's SMF, Northland objects, contending that the surveyor is biased and that her opinion is not a fact upon which summary judgment can be based. Plaintiff's Response to City SMF ¶ 12. An unrebutted expert opinion is evidence upon which summary judgment can be based. Moreover, Northland cannot rely solely an unsupported claim of bias in opposing summary judgment. See, e.g., Moreau v. Local Union No. 247, 851 F.2d 516, 519 (1st Cir. 1988); 10A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure: Civil 3d § 2726 at 444-45 n.9. Northland is required to offer some countervailing evidence in order to demonstrate that there is a factual dispute for trial. It has not done that in this case.

In response to paragraph 13 of the City's SMF, Northland has simply interposed a denial unsupported by any record citation. This is insufficient. See M.R.Civ.P. 56(h)(4). Under these circumstances the relevant assertions are uncontroverted and the

City is entitled to summary judgment on Count I. This is true regardless of whether the Washington Avenue Extension has ever attained the status of a public way.

4.     Count I – Dedication and Acceptance

Given that the Washington Avenue Extension right of way does not abut Northland's parcel, the court does not have to reach the City's alternative contention that it is entitled to summary judgment because the Washington Avenue Extension has never been dedicated or accepted and is not a public way.

5.     Count I – Other Arguments

Northland argues that use of the Washington Avenue Extension by the general public can satisfy the elements necessary for a prescriptive easement. The court need not examine this contention in detail because the Law Court has recently reaffirmed the "common law rule that a claim of adverse possession or prescriptive easement cannot be asserted against land held by the government." Portland Water District v. Town of Standish, 2006 ME 104 ¶ 18, 905 A.2d 829, 834.

Moreover, the only evidence offered by Northland on this issue is that members of the general public drive over the Washington Avenue Extension (see Bellucci Affidavit ¶ 9). Even if this were sufficient to create a disputed issue of fact as to the existence of a public easement over the Washington Avenue Extension, the record demonstrates, as set forth above, that neither the paved portion of the Washington Avenue Extension nor its right of way abuts Northland's property. In order to prevail on a prescriptive easement claim, therefore, Northland would have to demonstrate that there is a disputed issue for trial on whether there has been public use creating a prescriptive easement over the City property which lies between the Northland lot and

6

the Washington Avenue Extension (the so-called "Portland Strip"). Northland has failed to demonstrate the existence of a disputed issue for trial as to that issue. Even if a prescriptive easement could lawfully be obtained over governmentally owned land, therefore, the City would be entitled to summary judgment on this issue.

Northland also broaches the subject of equitable estoppel. First, it has failed to offer evidence sufficient to generate a disputed issue for trial on this issue. Second, equitable estoppel "can be asserted against a municipality only as a defense and cannot be used as a weapon of assault." Tarason v. Town of South Berwick, 2005 ME 30 ¶ 16, 868 A.2d 230, 234 (quotation omitted). Northland is seeking affirmative relief in this action; it is not raising equitable estoppel as a defense. Northland's attempt to invoke equitable estoppel is therefore unavailing.


6.    Count II – Use of Paper Street

On this claim the City has presented evidence that the parcel now owned by Northland was not included in the subdivision plan on which the paper street relied upon by Northland appears. City SMF ¶ 15; Exhibit 10.[4] Northland's response is threefold: (1) it argues that although its lot was not part of the subdivision and had previously been conveyed to a third party, its lot does appear on the subdivision plan as bordering the paper street; (2) it argues that Grace Dowbridge, one of Northland's predecessors in title, relied upon the existence of the paper street in conveying the front piece of her lot (which has street frontage) to a third party, leaving the landlocked back lot to be accessed by the paper street; and (3) it argues that Dowbridge also relied upon

---

[4] The subdivision plan (Exhibit 10) to the City's motion is not certified as authentic nor is it attached to any affidavit. Nevertheless, Northland does not challenge its authenticity. See Northland Response to City SMF ¶ 15. In the absence of such a challenge, the authenticity of Exhibit 10 is conceded for purposes of this motion.

7

the existence of the paper street in conveying the back lot to Northland's immediate predecessor in title. See Northland Response to City SMF ¶ 15; Northland's Opposition to City's Motion for Summary Judgment at 16.

The court has considerable skepticism that Northland can prevail on any of these arguments. In particular, Northland has offered no evidence to support its claim that Dowbridge relied on the paper street in severing her property into a front and back lot, leaving the back lot without road frontage. Moreover, even if Dowbridge did rely on the existence of the paper street, it is unclear why any such reliance on her part would entitle Northland to use the paper street. The court is not aware of any authority for the proposition that Dowbridge's understanding (correct or incorrect) as to whether her property had a right of way over the paper street would be relevant to the issue of whether Northland is in fact entitled to use that paper street.

Nevertheless, as the court understands it, the existence of private and public rights of way over paper streets is governed by 23 M.R.S. § 3031. Neither the City nor Northland has addressed this statute, and the court will therefore deny summary judgment until any factual and legal issues raised under this statute have been addressed.

The entry shall be:

The City of Portland's motion to dismiss is denied. The City of Portland's motion for summary judgment dismissing Count I is granted. The City of Portland's motion for summary judgment as to Count II is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATE:      June _15_, 2007

Thomas D. Warren
Justice, Superior Court

8

WILLIAM KANY ESQ
PO BOX 1179
SACO ME 04072

— Pl

EDWARD MACCOLL ESQ
PO BOX 447
PORTLAND ME 04112

— Crawfords

PENNY LITTEL ESQ
389 CONGRESS STREET
PORTLAND ME 04101

— City of Portland

STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        Docket No. RE-05-63,
                                                        TDW - CUM- 10/22/2007

NORTHLAND REALTY LLC,

    Plaintiff,

    v.                                                 ORDER

CITY OF PORTLAND, et al.,

    Defendants.

Before the court are three motions: (1) a renewed motion for summary judgment on behalf of defendant City of Portland; (2) a motion for summary judgment on behalf of defendants Bernard and Beverly Crawford; and (3) a cross motion for summary judgment by plaintiff Northland Realty LLC against the Crawfords.

The court has previously addressed a prior motion for summary judgment by the City and has outlined the dispute between plaintiffs and the City in an order filed June 15, 2007. In that order the court granted summary judgment for the City as to Count I of the complaint and denied summary judgment under Count II until the factual and legal issues relating to 23 M.R.S. § 3031 had been addressed. The City has now addressed those issues and plaintiff has not opposed the City's renewed motion as to Count II. In fact, plaintiff has informed the court that it stipulates to a dismissal as to Count II. Count II will therefore be dismissed with prejudice.[1]

That leaves the Crawfords' motion and plaintiff's cross motion against the Crawfords. The court has previously set forth the legal principles applicable to a motion for summary judgment. To reiterate, summary judgment should be granted if

---

[1] The City has sought attorney fees from plaintiff based on what it asserts is a complete lack of merit in plaintiff's claims against the City. A ruling on that issue is deferred.

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil,* 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue,* 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case the issue is complicated by the fact that in response to the Crawfords' motion for summary judgment, plaintiff has cross-moved for summary judgment, but the Crawfords have not responded to plaintiff's motion.[2] Since the Crawfords' motion addresses the exact same issues as plaintiff's cross motion, however, the court will rule on the legal issues based on any facts in the parties' respective submissions that are undisputed.

In this connection, it bears emphasis that neither party has fully complied with the rules governing summary judgment. In responding to the Crawfords' statement of material facts, plaintiff has not provided record citations as required by M.R.Civ.P. 56(h)(2). The court could treat the Crawfords' statements as admitted were it not for the fact that on some issues plaintiff has turned right around and offered (in its additional facts) directly contradictory assertions, this time with citations, and the Crawfords have submitted no response. *See, e.g.,* Crawford SMF ¶ 3 (denied by plaintiff without

---

[2] They neither filed an opposition to the cross motion nor reply papers on their motion, although they have recently submitted a letter explaining that they considered reply papers to be unnecessary.

2

citation); plaintiff SMF ¶ 2 (not responded to). Under these circumstances, the court will base its ruling solely on the facts that it can discern are undisputed from the parties' statements of material facts and the record citations.

1.    Ownership of the Back Lot

On this issue the Crawfords acknowledge that at least an undivided one-third interest in the Back Lot[3] was conveyed to Probate Services Inc. in or about April 2004. *See* Bowman Affidavit ¶ 5(e). Plaintiff has offered evidence that the two remaining undivided one-third interests were previously conveyed to Probate Services Inc. although those conveyances apparently were never recorded. *See* Bellucci Affidavit ¶¶ 9, 10. The court need not resolve this issue because a one-third undivided interest would be sufficient to give plaintiff standing if plaintiff is the successor in interest to Probate Services Inc.

The Crawfords dispute that plaintiff is in fact the successor in interest to Probate Services Inc. They note that Probate Services Inc. deeded the Back Lot to Northland Realty Management LLC, an Alaska limited liability company, in May 2004. Bowman Affidavit ¶ 5(f). Northland Realty Management LLC has in turn never deeded the land to Northland Realty LLC, which is a separate limited liability company and which is the plaintiff in this action. However, plaintiff points out that in April 2005 Probate Services Inc. issued a "corrective warranty deed" purporting to convey the Back Lot to Northland Realty LLC.[4] *See* Plaintiff SMF ¶¶ 17, 19. This raises the question of whether

---

[3] For purposes of this order the court refers to the Back Lot as the property claimed by plaintiff, described in warranty deeds attached as Exhibits 7 and 9 to plaintiff's SMF, and appearing as the lot identified as "N/F Northland Realty LLC" on the aerial photograph which appears in the record as Exhibit 11 to plaintiff's SMF.

[4] The "corrective" deed describes Northland Realty LLC as "a Florida limited liability company." Exhibit J to Bowman Affidavit. Plaintiff, however, describes Northland Realty LLC as an Alaska limited liability company with a place of business in Florida. Bellucci Affidavit ¶ 3. The court does not need to resolve this additional discrepancy in deciding this motion.

3

ownership now rightly resides in Northland Realty Management LLC, which received title from Probate Services Inc. in 2004 (and has never conveyed that title to plaintiff or anyone else) or whether it resides in plaintiff by virtue of the corrective deed from an entity that arguably no longer owned the property.

In the court's view, the Crawfords have the better of this argument. If Northland Realty Management LLC and Northland Realty LLC were unrelated parties, Northland Realty could not contend that its claim of ownership, based on a conveyance from a company that no longer owned the property, trumps the record ownership of Northland Realty Management. The court does not see why a different result should obtain just because Probate Services, Northland Realty Management and Northland Realty are apparently all related companies owned or controlled by Andre Bellucci. Nevertheless, the court does not need to finally resolve this issue because it concludes that the Crawfords are also entitled to summary judgment dismissing plaintiff's easement claims on other grounds.

2.    Easement by Necessity or by Implication

It is undisputed that the Back Lot (now claimed by plaintiff) and the Front Lot (now owned by the Crawfords) were at one time a single piece of property until the then-owner Grace Dowbridge conveyed the Front Lot to Roscoe and Beryl Goodwin in December 1961. *See* Crawford SMF ¶ 6; Plaintiff SMF ¶ 10. It is also undisputed that this conveyance was accomplished by a deed that contained a covenant that the Front Lot "was free of all encumbrances." Crawford SMF ¶ 6; Exhibit A to Bowman Affidavit. In addition, the Crawfords have offered evidence – uncontroverted by plaintiff – that at the time the Front Lot was conveyed by Dowbridge, there was no

4

traveled way or path across the Front Lot linking the Back Lot to the street nor has any such way existed at any time thereafter. Crawford SMF ¶ 8.

While Maine law recognizes easements by necessity, such easements are only created when a lot is conveyed out of a larger parcel, when the conveyed lot would be inaccessible or landlocked in the absence of an easement, and when relief can be provided in the form of an easement across the retained land. *Amodeo v. Francis*, 681 A.2d 462, 465 (Me. 1996). In other words, an easement by necessity may exist over the land of the grantor, but there is no Maine authority for creating an easement by necessity over a grantee's land. Thus, as the Crawfords argue, Maine law does not allow a grantor – particularly one who has covenanted that the conveyed land is "free of encumbrances" – to retain an undisclosed easement over the conveyed land for the benefit of the land retained by the grantor.

That leaves the question of whether plaintiff might be able to establish an easement by implication. For such an easement to exist, however, the circumstances must denote the grantor's intent to subject the land to an easement, the easement must have been utilized for access when the property was in single ownership, and the easement must continue to have been used after the conveyance. *See Robinson v. Maine Central R. R. Co.*, 623 A.2d 626, 627 (Me. 1993). In this case there is no evidence as to the grantor's intent, but it is undisputed for purposes of summary judgment that the Front Lot was never used for access to the Back Lot, either before or after the severance of the two lots.[5] This is fatal to plaintiff's implied easement claim, and the Crawfords are

---

[5] Plaintiff has offered evidence that there are dirt trails across the Back Lot. *See* Bellucci Affidavit ¶¶ 18-19. Absent from plaintiff's evidence, however, is any evidence generating a disputed issue of fact for trial as to whether any path or way existed across the Front Lot to provide access to the Back Lot.

5

therefore entitled to summary judgment dismissing both of plaintiff's easement claims against them.

3.      Adverse Possession

The Crawfords have sought summary judgment on their counterclaim for adverse possession. On this issue, the court, viewing the facts in the light most favorable to plaintiff, finds that there are disputed issues of fact for trial. The evidence offered by plaintiff may not be strong, but it is sufficient to demonstrate that there are disputed issues as to whether the Crawfords have used the land as claimed and if so, as to the territorial extent of that use.[6]

Since Northland Realty LLC's claim of title to the property is at best doubtful, there is a question whether a trial on the adverse possession claim should be held. However, because it is apparently undisputed that Northland Realty Management LLC is owned by the same person as Northland Realty LLC, Northland Realty Management LLC would appear to be a party in sufficient privity with Northland Realty LLC that it would be bound by any judgment.

The entry shall be:

Defendant City of Portland's renewed motion for summary judgment is granted, and Counts I and II of the complaint are dismissed. The City's claim for attorneys' fees is deferred at this time. The motion of defendants Bernard and Beverly Crawford is granted as to Counts III and IV of the complaint, plaintiff's cross motion for summary judgment is denied, and Counts III and IV are therefore dismissed. The motion of

---

[6] Even if the Crawfords' claim of adverse possession were to be upheld as to the cleared portion of the Back Lot, plaintiff has offered evidence that there is a wooded portion of the Back Lot which may not fall within the area adversely possessed.

defendant Bernard and Beverly Crawford for summary judgment as to their counterclaim is denied.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     October _22_, 2007

_____
Thomas D. Warren
Justice, Superior Court

WILLIAM KANY ESQ
PO BOX 1179
SACO ME 04072

*Northland Realty*

DAVID KREISLER ESQ
PO BOX 442
PORTLAND ME 04112

*Northland Realty*

EDWARD MACCOLL ESQ
PO BOX 447
PORTLAND ME 04112

*Bernard & Beverly Crawford*

PENNY LITTEL ESQ
389 CONGRESS STREET
PORTLAND ME 04101

*City of Portland*