STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                      DOCKET NO. CV-10-146
                                               GAB - YOR - 2/14/2011

RACHEL D. LANGELLA,

          Plaintiff

     v.                               ORDER

JOSEPH KELLEY and
CATT LTD.,

          Defendants

Plaintiff Rachel D. Langella brought this negligence action against defendants Joseph Kelley and Catt Ltd. in connection with a chemical hair treatment that caused severe burns to her scalp, ears, and face. The defendants move to strike Ms. Langella's request for punitive damages, and defendant Catt. Ltd. moves for summary judgment.

## BACKGROUND

Defendant Catt Ltd. owned a beauty salon doing business as "Ultra Coiffures" in Kennebunk, Maine. (Supp. S.M.F. ¶ 9.) Defendant Joseph Kelley was a hair stylist with a booth at Ultra Coiffures. (Supp. S.M.F. ¶ 10.) On April 21, 2007, plaintiff Rachel Langella had an appointment with Mr. Kelley at Ultra Coiffures to highlight her hair. (Supp. S.M.F. ¶ 13.) He had highlighted her hair in the past, and she liked him and felt he had done a good job. (Supp. S.M.F. ¶¶ 11-12.) The highlighting process involved the application of chemicals to her scalp and hair, the placement of foils around her hair, and the use of a dryer. (Supp. S.M.F. ¶¶ 13, 15-17.) Ms. Langella had highlighted her hair in the past and had never suffered an adverse reaction to the chemicals used. (Supp. S.M.F. ¶¶ 12, 14.)

On April 21, 2007, Mr. Kelley applied the highlighting chemicals and foils to Ms. Langella's hair, and then put her under the dryer. (Supp. S.M.F. ¶¶ 15–16.) Ms. Langella noticed a burning sensation, prompting Mr. Kelley to reduce the heat being produced by the dryer. (Supp. S.M.F. ¶ 16.) As the burning sensation continued to increase, Mr. Kelley removed the foils and rinsed Ms. Langella's head with water. (Supp. S.M.F. ¶ 17.) This reduced her discomfort, but caused the burning sensation to spread. (Supp. S.M.F. ¶ 17.) Ms. Langella's friend brought her to the hospital where she was diagnosed with chemical burns. (Supp. S.M.F. ¶ 18.)

At the time of the incident, Mr. Kelley's relationship with Catt Ltd. was governed by a Booth Rental Contract. (Supp. S.M.F. ¶ 1; Def.'s Reply S.M.F. ¶ 1.) Pursuant to the contract, Mr. Kelley rented space in the salon but operated his business independently. (Supp. S.M.F. ¶ 2.) He set his own working hours within the salon's operating hours, and received no benefits or compensation from Catt Ltd. (Supp. S.M.F. ¶¶ 3–4.) Mr. Kelley reported and filed his own taxes, reported his own income to the State and Federal authorities, and kept his own books. (Supp. S.M.F. ¶¶ 5, 7.) He was responsible for purchasing and maintaining his own materials, supplies, and equipment for his business. (Supp. S.M.F. ¶ 6.)

On December 9, 2009, Ms. Langella filed a complaint alleging that Mr. Kelley injured her by negligently applying certain chemicals to her head and hair. (Compl. ¶ 9.) The complaint names Catt Ltd. as a vicariously liable party due to an employment or agency relationship, and also accuses Catt Ltd. of failing to maintain reasonably safe premises. (Compl. ¶¶ 14, 16–17.) Punitive damages are included among the requested forms of relief. (Compl. ¶¶ A–B.)

## DISCUSSION

First, the defendants have filed a motion to dismiss or strike Ms. Langella's request for punitive damages because her allegations do not reveal any basis for their imposition. Punitive damages are recoverable where a defendant acts with express or implied malice. *Newbury v. Virgin*, 2002 ME 119, ¶ 21, 802 A.2d 413, 418 (citing *Tuttle v. Raymond*, 494 A.2d 1353, 1354 (Me. 1985)). Gross or reckless negligence is insufficient to warrant punitive damages. *DiPietro v. Boynton*, 628 A.2d 1019, 1024 (Me. 1993). None of the defendants' alleged misconduct displays the deliberate, outrageous conduct necessary to support the presence of malice, and their motion to dismiss or strike the request should be granted. *See Newbury*, 2002 ME 119, ¶ 21, 802 A.2d at 418.

Second, defendant Catt Ltd. moves for summary judgment on the grounds that it had no employment relationship with Mr. Kelley, had no or limited control over how Mr. Kelley maintained his workspace, and there is no evidence suggesting an alternative ground for imposing vicarious liability. Ms. Langella responds with a Rule 56(f) request to stay action on Catt Ltd.'s motion.

A party seeking a continuance pursuant to Rule 56(f) must "'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist,' and must further 'indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *S. Portland Police Patrol Ass'n v. City of S. Portland*, 2006 ME 55, ¶ 12, 896 A.2d 960, 965 (quoting *Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178, ¶ 22, 814 A.2d 449, 454–55). Here, Ms. Langella's counsel submitted an affidavit stating that the defendants have not adequately responded to his discovery requests. Indeed, Mr. Kelley flatly refuses to cooperate with the discovery process.

3

Turning to the merits of Catt Ltd.'s motion, while the current state of the record makes a strong showing for summary judgment, Mr. Kelley's complete refusal to respond to discovery requests hampers Ms. Langella's ability to respond.

Therefore:

1) Decision on Defendant Catt Ltd.'s Motion for Summary Judgment is Deferred.

2) Ms. Langella's request for an opportunity to complete discovery is Granted. Mr. Kelley is ordered to respond to discovery requests, including his deposition within 45 days. Failure will result in sanctions, including possible default.

3) When discovery is complete, Ms. Langella will have 30 days to supplement her response to the pending Motion for Summary Judgment, which will be rescheduled for hearing.

4) Plaintiff's claim for punitive damages is dismissed.

Dated:     February  //  , 2011

G. Arthur Brennan
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
THOMAS P. ELIAS, ESQ.
ELIAS LAW OFFICES
433 US ROUTE 1 SUITE 109
YORK ME    03909

ATTORNEY FOR DEFENDANT JOSEPH KELLEY:
J WILLIAM DRUARY, JR., ESQ.
MARDEN DUBORD ET AL
PO BOX 708
WATERVILLE ME    04901-0708

ATTORNEY FOR DEFENDANT CATT LTD:
HOY & MAIN
PO BOX 1569
GRAY ME    04039

4