2005 ME 12

**MEDICAL MUTUAL INSURANCE COMPANY OF MAINE et al.**

v.

**BUREAU OF INSURANCE et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 18, 2004.
Decided: Jan. 19, 2005.

William S. Harwood (orally), William C. Knowles, Scott D. Anderson, Verrill & Dana, L.L.P., Portland, for appellants.

G. Steven Rowe, Attorney General, Paul Stern, Deputy Atty. Gen., Thomas C. Sturtevant, Jr., Asst. Atty. Gen. (orally), Augusta, for appellees.

Panel: CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Medical Mutual Insurance Company of Maine and some of its employees, officers, and directors appeal from a judgment of the Superior Court (Cumberland County, *Cole, J.*) affirming the decision of the Superintendent of Insurance to permit the public disclosure of certain compensation information contained in an annual statement that Medical Mutual was required to file with the Superintendent. Medical Mutual contends that the compensation information was excepted from the statutory definition of public records in the Maine Freedom of Access Act (FOAA). 1 M.R.S.A. § 402(3) (Supp.2004). We disagree with the contention, and we affirm the judgment.

## I. BACKGROUND

[¶ 2] Medical Mutual is an insurer and is required to file annual statements with the Superintendent of Insurance. 24–A M.R.S.A. § 423 (2000). Starting in 2003, the Bureau of Insurance required Medical Mutual to include information on the salaries of its board of directors and senior management in a supplemental exhibit attached to its annual statement. Medical Mutual supplied the requested salary information, but asked that it be kept confidential.

[¶ 3] One of Medical Mutual's policyholders requested the salary information from the Bureau. The Bureau notified Medical Mutual of the request and stated it was treating the policyholder's request as a FOAA request. It gave Medical Mutual an opportunity to provide legal authority as to why the salary information should not be provided. After receiving Medical Mutual's detailed response, the Superintendent issued a decision stating that the information was public and would be released for inspection and copying by the public in two weeks.

[¶ 4] Medical Mutual filed a complaint in the Superior Court appealing the Superintendent's decision pursuant to M.R. Civ. P. 80C and seeking a declaratory judgment and an injunction. The Bureau agreed not to release the information pending the disposition of the action. The court dismissed the claims for injunctive and declaratory relief and affirmed the Superintendent's decision in the Rule 80C appeal.

## II. DISCUSSION

### A. Standard of Review

[¶ 5] When the Superior Court acts as an intermediate appellate court reviewing a decision of an administrative agency, we review the decision of the agency directly. *Hannum v. Bd. of Envtl. Prot.*, 2003 ME 123, ¶ 11, 832 A.2d 765, 768. Statutory construction is a question of law, and, therefore, we review the Superintendent's construction of the FOAA de novo. *Great N. Paper, Inc. v. Penobscot Nation,* 2001 ME 68, ¶ 14, 770 A.2d 574, 580. In construing a statute, we give effect to the Legislature's intent first by

looking to the statute's plain meaning. *Id.* ¶ 15, 770 A.2d at 580. If there is any ambiguity, we look beyond the plain language of the statute to the legislative history to determine the intent of the Legislature. *Id.* The FOAA must be "liberally construed and applied to promote its underlying purposes and policies as contained in the declaration of legislative intent." 1 M.R.S.A. § 401 (1989). That declaration of legislative intent expresses the purpose to open to the public the conduct of public proceedings and the records of public activities. *Id.* As a result, we strictly interpret any statutory exceptions to the FOAA. *Springfield Terminal Ry. Co. v. Dep't of Transp.*, 2000 ME 126, ¶ 8, 754 A.2d 353, 356.

[¶ 6] Public records are subject to the right of the public to inspect and copy. 1 M.R.S.A. § 408(1) (Supp.2004). The party seeking the denial of a request to inspect and copy a record pursuant to section 408(1) has the burden to demonstrate the basis for the denial. *Town of Burlington v. Hosp. Admin. Dist. No. 1*, 2001 ME 59, ¶ 13, 769 A.2d 857, 861. This means that Medical Mutual must show that the salary information is not a public record as that term is defined in 1 M.R.S.A. § 402(3).

[¶ 7] Medical Mutual contends that the salary information comes within two of the public records exceptions. First, it claims that the salary information is a record that has been "designated confidential by statute," and as such it is excluded from the definition of public records. 1 M.R.S.A. § 402(3)(A). Second, it contends that the salary information is a record "that would be within the scope of a privilege against discovery ... [if it] were sought in the course of a court proceeding," *id.* § 402(3)(B), and is thereby excluded from the definition.

### B. Records Made Confidential by Statute

[¶ 8] Medical Mutual argues that a provision of the Maine Business Corporation Act (MBCA), specifically 13–C M.R.S.A. § 1602(4)(A) (Supp.2004), designates the salary information as confidential, thereby excluding it from the definition of public records. However, nothing in section 1602(4)(A) provides that the salary information is confidential. The statute generally provides for the inspection and copying of corporate records by a shareholder, 13–C M.R.S.A. § 1602(3) (Supp.2004), but to inspect and copy certain records, such as accounting records, the shareholder's demand must be "made in good faith and for a proper purpose," 13–C M.R.S.A. § 1602(4)(A). Medical Mutual claims that the policyholder, who sought the document from the Bureau and who stands in the same position as a shareholder, would not have been able to obtain the document from Medical Mutual because he did not show a proper purpose, and, therefore, he should not be able to inspect and copy the same document under the FOAA that he is not able to inspect and copy under the MBCA.

[¶ 9] Nonetheless, the plain language of section 1602 does not provide that the requested document is confidential, nor does section 1602 implicitly require salary information supplied in a report to the Superintendent to be confidential. The difficulty in Medical Mutual's argument in this regard is even more obvious when the MBCA is compared with other statutes that make certain records confidential. *See, e.g.*, 23 M.R.S.A. § 63 (Supp.2004) (providing that certain records of the right-of-way divisions of the Department of Transportation "are confidential and may not be open for public inspection"); 30–A M.R.S.A. § 2702(1) (1996 & Supp. 2004) (providing that certain municipal

personnel records "are confidential and not open to public inspection").

## C. Records That Would Be Privileged

■ [¶ 10] The FOAA excepts from its definition of "public records" those "[r]ecords that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding." 1 M.R.S.A. § 402(3)(B). This exception applies

> to a record falling within the scope of any evidentiary privilege recognized in the courts of Maine, and at the same time in effect incorporate[s] by reference the special rules that have been developed by constitutions, statutes, rules of court, and judicial decisions to define the scope of the particular privilege.

*Moffett v. City of Portland,* 400 A.2d 340, 346 (Me.1979) (emphasis omitted).

■ [¶ 11] Certain privileges suffice to remove records from the FOAA definition of "public records." *See, e.g., id.* at 345–48 (Fifth Amendment privilege against self-incrimination); *Hosp. Admin. Dist. No. 1,* 2001 ME 59, ¶¶ 20–22, 769 A.2d at 864–65 (M.R. Evid. 507 trade secret privilege). Likewise, if information is the subject of a protective order in a court proceeding, the FOAA does not compel an agency to disclose that information. *Bangor Publ'g Co. v. Town of Bucksport,* 682 A.2d 227, 229–30 (Me.1996).

[¶ 12] Medical Mutual relies on M.R. Civ. P. 26(c) in its argument that the salary information is not a public record because it is information that would be within the scope of a privilege against discovery in a court proceeding. The Rule provides that a court

may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including without limitation one or more of the following: ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.

M.R. Civ. P. 26(c).

[¶ 13] Medical Mutual contends that the salary information is a trade secret and that it would be entitled to a court order protecting it from disclosure if the information were sought in civil litigation. For purposes of the section 401(3)(B) exception, we have used the definition of "trade secret" in the Uniform Trade Secrets Act: " 'information' that '[d]erives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure.' " *Hosp. Admin. Dist. No. 1,* 2001 ME 59, ¶ 21, 769 A.2d at 864 (quoting 10 M.R.S.A. § 1542(4)(A) (1997)).

[¶ 14] Medical Mutual has not shown that the salary information comes within the definition of a trade secret; that is, it failed to demonstrate to the Superintendent that the salary information had independent economic value from not being generally known and failed to show that it is in fact subject to secrecy. The only information it provided to the Superintendent to support its trade secret claim was a corporate policy that prohibits the corporation from disclosing compensation information. That policy does not prohibit employees from disclosing their own salaries. *See Hosp. Admin. Dist. No. 1,* 2001 ME 59, ¶ 22, 769 A.2d at 865 (affirming the trial court's finding that compensation information was not a trade secret when

"employees ... receiving the compensation [were] under no duty to keep the information secret"). Medical Mutual failed to meet its burden of showing a trade secret or other privilege that would entitle it to a discretionary protective order if it were asked to disclose the information in discovery.

[¶ 15] In sum, we conclude that the salary information requested is a public record. The records are not made confidential by statute, 1 M.R.S.A. § 402(3)(A), and would not be privileged against discovery in a court proceeding, *id.* § 402(3)(B).[1]

The entry is:

Judgment affirmed.

---

**1.** We do not discuss the remaining issues raised by Medical Mutual. We have considered its arguments that the Superintendent's decision does not contain sufficient findings and is rule-making without adhering to rule-making requirements, but we find them to be without merit. Likewise, its argument that the Superintendent relies on instructions from the National Association of Insurance Commissioners in concluding that the salary information had to be disclosed to the public is without foundation.