2006 ME 22

### DARLING'S

v.

### FORD MOTOR COMPANY.

Supreme Judicial Court of Maine.

Argued: Jan. 23, 2006.

Decided: March 2, 2006.

---

Judy A.S. Metcalf, Esq. (orally), Eaton Peabody, Brunswick, for plaintiff.

James T. Kilbreth, Esq. (orally), Daniel L. Rosenthanl, Esq., Verrill Dana, LLP, Portland, for defendant.

Panel: CLIFFORD, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] Ford Motor Company appeals from a summary judgment entered by the Superior Court (Penobscot County, *Hjelm, J.*) finding that Ford violated the provisions of 10 M.R.S. § 1176 (2005), which governs the payment by an automobile manufacturer for warranty claim repairs performed by the manufacturer's franchisees. Ford contends the court erred in its application of our most recent decision in this case, *Darling's v. Ford Motor Co.*, 2003 ME 21, 825 A.2d 344, and in concluding that Ford's charge-backs to Darling's for warranty payments violated section 1176. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] Darling's, a Ford dealership located in Bangor, performs warranty repairs on Ford automobiles pursuant to a franchise agreement with Ford. The parties have engaged in considerable litigation regarding warranty repairs that Ford contracts with Darling's to complete for Ford owners. *See, e.g., Darling's v. Ford Motor Co.*, 1998 ME 232, 719 A.2d 111. In this suit, Darling's challenges Ford's practice of approving and paying warranty claims by Darling's within the timeframes established in section 1176, but subsequently auditing paid claims at a later date and charging-back Darling's for claims Ford deems unsuitable.

[¶ 3] Prior to a recent amendment that does not bear on this litigation,[1] section 1176 provided, in relevant part, that:

Any claim made by a franchisee for compensation for parts provided or for reimbursement for labor performed in satisfaction of a warranty must be paid within 30 days of its approval. All the claims must be either approved or disapproved within 30 days of their receipt.

10 M.R.S.A. § 1176 (1997 & Supp.2002). The parties do not dispute that the charge-backs in question occurred outside both thirty-day windows prescribed in the statute.

[¶ 4] Darling's filed suit against Ford in 2001, alleging that Ford had violated section 1176 by charging-back previously paid warranty claims, and demanding damages and injunctive relief. The court granted a summary judgment in favor of Ford, agreeing with Ford's contention that the charge-backs were authorized by a separate statutory provision, 10 M.R.S. § 1176–A (2005).[2] On appeal, we concluded that section 1176–A authorizes audits of paid claims involving customer or dealer incentives, but not for paid claims involving warranty repairs:

Because section 1176–A's audit provision only applies to customer or dealer incentives and does not apply to the warranty claims that were the subject of Ford's audits of payments previously made to Darling's, the Superior Court erred in granting a summary judgment in favor of Ford. Accordingly, we vacate the judgment and remand for entry of a

partial summary judgment in favor of Darling's relative to section 1176–A, and for further proceedings to determine whether Darling's is entitled to relief pursuant to section 1173.

*Darling's*, 2003 ME 21, ¶ 13, 825 A.2d at 347–48. We noted that Ford had not challenged on appeal the Superior Court's determination that terms of the parties' agreement had not been made part of the summary judgment record and, therefore, we did "not address whether Ford has the right to perform audits on any basis independent of section 1176–A." *Id.* ¶ 6 n. 1, 825 A.2d at 346.

[¶ 5] Following our remand, the Superior Court determined that Ford's sole opposition to Darling's claim that the charge-backs violated section 1176 was that such action was expressly permitted pursuant to audits conducted under section 1176–A, and entered a summary judgment in favor of Darling's based on Ford's violation of section 1176. The court reasoned that:

[T]he partial summary judgment that the Law Court has ordered this court to issue will constitute a finding that Ford violated the provisions of section 1176. When Darling's moved for summary judgment on its claim based on section 1176, the only statutory ground underlying Ford's objection was section 1176–A. The Law Court has now established that section 1176–A did not authorize Ford to issue the charge backs against Darling's. Thus, Darling's argument under section 1176 is left standing.

---

1. Title 10 M.R.S. § 1176 was amended in 2003 to increase the time allowed for processing of claims from thirty to sixty days. P.L. 2003, ch. 356, § 10 (effective Sept. 13, 2003) (codified at 10 M.R.S. § 1176 (2005)).

2. Section 1176–A provides:

Audits.

A manufacturer may reasonably and periodically audit a new motor vehicle dealer to determine the validity of paid claims or any charge-backs for customer or dealer incentives. Audits of incentive payments may be only for the 18–month period immediately preceding the date notifying the dealer that an audit is to be conducted.

10  M.R.S. § 1176–A (2005).

Following a jury-waived trial regarding the remedy under section 1173, the court denied Darling's request for injunctive relief, but awarded Darling's damages of $2340.01, plus attorney fees. Ford's appeal followed.

## II. DISCUSSION

■■■ [¶ 6] Ford contends the Superior Court erred when it concluded that Ford's charge-backs violated section 1176, asserting that, on remand, the Superior Court was to consider not only Darling's entitlement to relief under section 1173, but also whether Ford had violated section 1176 separate from its earlier, unsuccessful argument that the charge-backs were authorized by section 1176–A. We review a summary judgment for errors of law, viewing the record in the light most favorable to the party against whom judgment was entered. *Reliance Nat'l Indem. v. Knowles Indus. Servs. Corp.*, 2005 ME 29, ¶ 7, 868 A.2d 220, 224. We review questions of statutory interpretation de novo. *Landis v. Hannaford Bros.*, 2000 ME 111, ¶ 9, 754 A.2d 958, 960.

■■■ [¶ 7] The Superior Court correctly applied our prior decision. Ford's sole theory in support of its motion for summary judgment and in opposition to Darling's motion for summary judgment was that the charge-backs outside section 1176's thirty-day periods were permitted pursuant to audits authorized by section 1176–A; an argument we rejected in the

last appeal.[3] The Superior Court did not err when it entered judgment in favor of Darling's on its section 1176 claim because Ford had not established in the summary judgment record any other justification for the charge-backs.

■■■ [¶ 8] Moreover, we are not persuaded by Ford's underlying argument that section 1176 does not address warranty charge-backs, much less bar them, as the section only discusses "claims." "When interpreting a statute, we seek to give effect to the intent of the Legislature by examining the plain meaning of the statutory language." *Darling's*, 1998 ME 232, ¶ 5, 719 A.2d at 114. Although section 1176 does not, as Ford notes, specifically refer to charge-backs, it clearly states the timing requirements for the settlement of warranty claims.

[¶ 9] As the Superior Court observed, the statute explicitly required the manufacturer to either approve the claim or disapprove the claim within thirty days. Former section 1176 unambiguously provided that "[a]ll the [warranty] claims must be either approved or disapproved within 30 days of their receipt" and "must be paid within 30 days of . . . approval." 10 M.R.S.A. § 1176 (1997 & Supp.2002). Although we have previously acknowledged that Ford may impose verification requirements on Darling's warranty claims, such verification must occur within the time limits set forth in the statute.

---

**3.** Although Ford contends that it had separately argued that the audits were not prohibited by section 1176, even if they were not authorized by section 1176–A, a review of its written submissions in opposition to Darling's motion for summary judgment and in support of its own motion for summary judgment establishes otherwise. Ford's memorandum in opposition to Darling's motion and in support of its own motion asserted that "the only live question for purposes of the present motion is whether the charge-backs in this case were in

fact done pursuant to an 'audit' within the meaning of the statute," referring to section 1176–A. After its analysis of section 1176–A, Ford concluded that because its actions were in keeping with section 1176–A, Darling's could not "prevail on its claim that charge-backs constitute a *per se* violation of 10 M.R.S.A. § 1176." In its reply memorandum, Ford again analyzed section 1176–A, reasserting that its charge-backs "are fully lawful and authorized pursuant to 10 M.R.S.A. § 1176–A."

*See Darling's,* 1998 ME 232, ¶¶ 4–7, 719 A.2d at 114–15.

[¶ 10] A manufacturer is not free to abrogate the statute by imposing its own protocol granting itself a second opportunity to disapprove previously paid warranty claims outside the statutory deadline. This does not mean that Ford may not seek judicial relief if it believes that a franchisee's warranty claims are in violation of the parties' contract, are fraudulent, or are otherwise unlawful. It does mean, however, that Ford cannot unilaterally impose its own remedy by charging Darling's for previously approved and paid warranty claims outside the window of opportunity authorized by section 1176.

[¶ 11] We find Ford's remaining arguments to be without merit and do not separately address them.

The entry is:

Judgment affirmed.

