2007 ME 28

**Paul A. CYR**

v.

**MADAWASKA SCHOOL DEPARTMENT.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 2006.

Decided: Feb. 8, 2007.

Paul A. Cyr, Madawaska, for plaintiff.

Harry R. Pringle, Melissa A. Hewey, Peter C. Felmy., Drummond Woodsum & MacMahon, Portland, for defendant.

Bernard J. Kubetz, F. David Walker, Eaton Peabody, Bangor, for amicus curiae Bangor Publishing Company.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, LEVY, and SILVER, JJ.

Dissent: DANA, ALEXANDER, and CALKINS, JJ.

SILVER, J.

[¶ 1] The Madawaska School Department appeals from a judgment entered in the Superior Court (Aroostook County, *Hunter, J.*) determining that 20–A M.R.S. § 6101(2)(B) (2006) did not operate to keep parts of an investigative report confidential. The Department contends that portions of the report are confidential pursuant to subsection 6101(2)(B) and that the court erred by considering facts not in evidence. We agree that portions of the report are confidential pursuant to 20–A M.R.S. § 6101(2)(B)(5) and accordingly vacate the judgment.

## I. BACKGROUND

[¶ 2] The relevant facts are undisputed. On April 26, 2005, at a Madawaska School Board meeting, the then Superintendent of the Madawaska School District [1] did not nominate a probationary teacher for re-

---

1. The Superintendent has been subsequently replaced.

employment for the 2005–2006 school year. This decision sparked controversy within the District and multiple disruptions ensued: the Principal of the Madawaska Middle/High School resigned; the Superintendent accepted his resignation; a student walk-out occurred; a meeting convened between student government members, the Principal, and the Superintendent that excluded parents; and following the meeting, the police escorted some parents away from the Superintendent's office.

[¶ 3] In response to these disruptions, the School Board voted to employ Attorney Ervin Snyder to investigate the controversy in the Middle/High School and determine "what, if any role the school committee, administration, and others may have had in the[ ] events."

[¶ 4] Attorney Snyder interviewed over sixty individuals and detailed his findings in a written report. A redacted version of the report was released to the public. Paul A. Cyr made a written request to the Interim Superintendent for an unredacted copy of the report. The Chairman of the Madawaska School Department denied Cyr's request citing 20–A M.R.S. § 6101(2)(B).[2]

[¶ 5] Cyr appealed that decision pursuant to 1 M.R.S. § 409(1) (2006). After a hearing and an in camera review of the unredacted report, the Superior Court rejected the Department's argument that the redacted portions of the report were confidential pursuant to 20–A M.R.S. § 6101(2)(B) and ordered the report's full disclosure.

## II. DISCUSSION

[¶ 6] The Department contends that the redacted portions of the report fall under at least one of three exceptions to public disclosure: subsections 6101(2)(B)(3), (5), and (6).

[¶ 7] The report is a public record as defined by the Maine Freedom of Access Act (FOAA).[3] Pursuant to the

---

2. Title 20–A M.R.S. § 6101(2)(B) (2006) provides:

    **B.** Except as provided in paragraph A, information in any form relating to an employee or applicant for employment, or to the employee's immediate family, must be kept confidential if it relates to the following:

    **(1)** All information, working papers and examinations used in the examination or evaluation of all applicants for employment;

    **(2)** Medical information of any kind, including information pertaining to diagnosis or treatment of mental or emotional disorders;

    **(3)** Performance evaluations, personal references and other reports and evaluations reflecting on the quality or adequacy of the employee's work or general character compiled and maintained for employment purposes;

    **(4)** Credit information;

    **(5)** Except as provided by subsection 1, the personal history, general character or conduct of the employee or any member of the employee's immediate family;

    **(6)** Complaints, charges of misconduct, replies to complaints and charges of misconduct and memoranda and other materials pertaining to disciplinary action;

    **(7)** Social security number;

    **(8)** The teacher action plan and support system documents and reports maintained for certification purposes; and

    **(9)** Criminal history record information obtained pursuant to section 6103.

3. The FOAA defines public records in relevant part as:

    any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, and has been received or prepared for use in connection with the transaction

FOAA, any individual can inspect and copy a public record, except as otherwise provided by statute. 1 M.R.S. § 408(1) (2006).

[¶ 8] The Legislature has declared that the FOAA "shall be liberally construed and applied to promote its underlying purposes and policies . . . ." 1 M.R.S. § 401 (2006). We have noted that as a corollary to this liberal construction, statutory exceptions to the FOAA must be strictly construed. *Doe v. Dep't of Mental Health, Mental Retardation, & Substance Abuse Servs.*, 1997 ME 195, ¶ 8, 699 A.2d 422, 424 (citing *Bangor Publ'g Co. v. City of Bangor*, 544 A.2d 733, 736 (Me.1988)); *see also Underwood v. City of Presque Isle*, 1998 ME 166, ¶ 16, 715 A.2d 148, 153.

[¶ 9] We review the Superior Court's interpretation of the FOAA de novo. *Dow v. Caribou Chamber of Commerce & Indus.*, 2005 ME 113, ¶ 8, 884 A.2d 667, 669; *see also Darling's v. Ford Motor Co.*, 2006 ME 22, ¶ 6, 892 A.2d 461, 464. When interpreting a statute, we accord its words their plain meaning. *City of Bangor v. Penobscot County*, 2005 ME 35, ¶ 9, 868 A.2d 177, 180. "If the statute's meaning is clear, we do not look beyond its words, unless the result is illogical or absurd." *S. Portland Police Patrol Ass'n v. City of S. Portland*, 2006 ME 55, ¶ 5, 896 A.2d 960, 963 (citing *Kapler v. Kapler*, 2000 ME 131, ¶ 17, 755 A.2d 502, 508). If the statute is ambiguous, we look to the legislative history to determine the intent of the Legislature. *Med. Mut. Ins. Co. of Me. v. Bureau of Ins.*, 2005 ME 12, ¶ 5, 866 A.2d 117, 120.

[¶ 10] We agree with the Department that subsection 6101(2)(B)(5) shields parts of the report from public disclosure. That subsection provides:

> **B.** Except as provided in paragraph A, information in any form relating to an employee or applicant for employment, or to the employee's immediate family, must be kept confidential if it relates to the following:
>
> . . . .
>
> (5) Except as provided by subsection 1, the personal history, general character or conduct of the employee or any member of the employee's immediate family;

20–A M.R.S. § 6101(2)(B)(5). This subsection's directive is clear: to protect school employees from the public disclosure of their, or their family's, general character, conduct, or personal history. The statute is unambiguous, thus rendering a legislative history analysis unnecessary.

[¶ 11] Construing the subsection narrowly, as the FOAA dictates, *see Doe*, 1997 ME 195, ¶ 8, 699 A.2d at 424, the redacted portions of the report are confidential. Pursuant to subsection 6101(2)(B)(5), the redacted portions relate to the "personal history, general character or conduct" of employees of the Madawaska School District. There is one exception. Subsection E., "Recommendations to the Madawaska School Board" of the "Final Summary of Conclusions and Recommendations" should not be redacted. That section, which offers broad recommendations for the future conduct of the Madawaska School Board, does not relate to "the personal history, general character, or conduct" of any Madawaska School District employee and is not, unlike the other

---

of public or governmental business or contains information relating to the transaction of public or governmental business, except:

    **A.** Records that have been designated confidential by statute;

. . . .

1 M.R.S. § 402(3) (2006).

redactions, confidential pursuant to section 6101(2)(B)(5).

[¶ 12] The dissent finds that the redacted portions are not an employee evaluation pursuant to subsection 6101(2)(B), and therefore, subject to disclosure. However, comments on the role, background, and performance of the two key members of the school administration involved in this controversy are the exact material contemplated by subsection 6101(2)(B). The fact that the School Board sought an evaluation of the employees' performance through an outside source and not through an internal employee evaluation does not make the report any less an employee evaluation.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.

CALKINS, J., with whom DANA and ALEXANDER, JJ., join, dissenting.

[¶ 13] I respectfully dissent. I would affirm the judgment ordering the disclosure of the Snyder Report. The Madawaska School Department failed to prove that the Snyder Report comes within a statutory exception from disclosure.

[¶ 14] There is no dispute that the Snyder Report is a public record under the Freedom of Access Act (FOAA). Public records are available for public inspection unless a law provides otherwise. 1 M.R.S. § 408(1) (2006). The burden of demonstrating that a public record comes within an exception to the general rule of public disclosure is on the agency. *See Town of Burlington v. Hosp. Admin. Dist. No. 1,* 2001 ME 59, ¶ 13, 769 A.2d 857, 861; *Springfield Terminal Ry. Co. v. Dep't of Transp.,* 2000 ME 126, ¶ 9, 754 A.2d 353, 356. Because we liberally interpret the FOAA, we narrowly interpret all statutory exceptions to public disclosure. *Med.*

*Mut. Ins. Co. v. Bureau of Ins.,* 2005 ME 12, ¶ 5, 866 A.2d 117, 120.

[¶ 15] The Madawaska School Department contends that it had good and just cause to deny public disclosure of the Snyder Report because three subsections of 20–A M.R.S. § 6101 (2006) provide exceptions to disclosure. Specifically, subsection (2)(B)(3) provides an exception for information relating to "[p]erformance evaluations, personal references and other reports and evaluations reflecting on the quality or adequacy of the employee's work or general character compiled and maintained for employment purposes." Subsection (2)(B)(6) provides that information relating to "[c]omplaints, charges of misconduct, replies to complaints and charges of misconduct and memoranda and other materials pertaining to disciplinary action" is exempt from disclosure. The Court relies on subsection (2)(B)(5), which grants an exception for information relating to "the personal history, general character or conduct of the employee" within employee records.

[¶ 16] These three subsections, however, are all modified by the applicability statements in section 6101. The first sentence of section 6101 states that the section applies to "employee records," and section 6101(2) applies to "access of employee records." Section 6101 is not applicable to this case unless the School Department demonstrates that the Snyder Report is an employee record. Thus, the Snyder Report has to be considered part of an employee's record to be exempt under section 6101.

[¶ 17] The physical location of the information is not important. *See S. Portland Police Patrol Ass'n v. City of S. Portland,* 2006 ME 55, ¶ 8, 896 A.2d 960, 964; *Harding v. Wal–Mart Stores, Inc.,* 2001 ME 13, ¶ 11, 765 A.2d 73, 75. That is, the information does not need to be located in

what would be the employee's personnel file. Nonetheless, it has to be the sort of record that is kept by the agency and that the agency generally regards as an employee record.

[¶ 18] On its face the Snyder Report does not appear to be an employee record. It claims to be a report of an investigation made at the request of the School Board regarding a recent controversy. It states that the School Board requested a broad review of the situation. It contains details of various events and describes actions of several individuals, some of whom are or were employees and are identified by name. The report recognizes that it is not an employee evaluation, and in fact, recommends that an employee evaluation be done. The report draws conclusions as to actions that caused the controversy.

[¶ 19] The Department has not demonstrated that the Snyder Report is the type of record that it keeps as an employee record or that it generally regards as an employee record. A court cannot guess that, just because an investigative report describes actions of school employees and officials, it is an employee record or intended to be kept as an employee record. If the Snyder Report were truly the type of record that the Department regards as an employee record, it would not have been difficult for the Department to have supplied evidence to that effect. Where, as here, on the face of the document it does not appear to be a report that comes within a statutory exception, the burden is on the agency to prove that it does come within an exception.

[¶ 20] A recent case relied upon by the School Department is distinguishable. *S. Portland Police Patrol Ass'n*, 2006 ME 55, 896 A.2d 960. That case involved an internal investigation report by the human resources director in response to a complaint about a city employee. We concluded that the report came within an exception that excluded from public disclosure "[m]unicipal records pertaining to an identifiable employee" that contain "complaints . . . of misconduct, replies to those complaints, . . . and any other information or materials that may result in disciplinary action." *Id.* ¶ 7, 896 A.2d at 963–64; 30–A M.R.S. § 2702(1)(B)(5) (2006). The summary judgment record in that case was sufficient for a court to determine that a complaint of misconduct had been lodged about an identifiable city employee. *S. Portland Police Patrol Ass'n*, 2006 ME 55, ¶ 7, 896 A.2d at 964. In contrast, in this case, there is no information that the School Board was seeking to investigate or evaluate a particular employee or employees or that the report was intended for the personnel files of the employees mentioned in the report or in any other way to become part of an employee record.

[¶ 21] The School Department contends that the trial court's process in deciding this case was improper and that the court should not have relied on statements outside of the record. However, the transcript of the Superior Court hearing plainly reveals that the School Department was satisfied with what it contended was the record before the court, and it did not request the opportunity to present evidence to the court or to supplement that record, except for giving the court the unredacted Snyder Report for in camera inspection. The School Department took the position that the redacted and unredacted versions of the Synder Report were enough of a record for the court to decide the matter. Cyr pointed out to the court that the School Department had the burden to demonstrate that the report was an employee record. Nonetheless, the School Department argued to the court that no evidentiary hearing was necessary and if Cyr wanted an evidentiary hearing, he should have requested one.

[¶ 22] The School Department now complains that the court relied on evidence outside the record. Specifically, it contends that the court should not have found that there is "no evidence that the school treated the Snyder Report as [a performance] evaluation." However, the court was correct. There is no evidence. By stating that there is "no evidence," the court was merely pointing out the obvious and not relying on evidence outside the record. The burden was on the School Department to demonstrate that the Snyder Report came within an exception to the FOAA, and the court was correct to point out the lack of evidence.

[¶ 23] Because the School Department failed to meet its burden, I would affirm the decision of the Superior Court.