STATE OF MAINE                                SUPERIOR COURT
KENNEBEC, ss.                                 CIVIL ACTION
                                              DOCKET NO. AP-16-66


TOWN OF SEARSPORT,                    )
                                     )
              Petitioner             )
v.                                   )
                                     )        **ORDER ON RULE 80C**
STATE OF MAINE and LUINA             )            **APPEAL**
LABORERS' LOCAL 327                  )
                                     )
              Respondent.            )


Before the Court is the Town of Searsport's 80C appeal of the Maine Labor

Relations Board's determination that the Town of Searsport's Waste Water

Treatment Chief Operator/Superintendant and its Public Works Director are

employees pursuant to the Municipal Public Employees Labor Relations Law. The

Town of Searsport is represented by Attorney John K. Hamer. The Maine Labor

Relations Board is represented by Attorney Lisa Copenhaver. Liuna Laborers' Union

327 has not appeared. Oral argument was held on June 6, 2017.

I.     Background

       A. Procedural History

On April 7, 2016, the LIUNA Laborers' Local 327 filed a petition for unit

determination with the Maine Labor Relations Board ("MLRB") seeking to create a

bargaining unit for employees working in the Town of Searsport's (the "Town")

Public Works Department and at the Waste Water Treatment Plant ("WWTP"). The

Town objected to the inclusion of the WWTP Chief Operator/Superintendant and

1

the Public Works Director in the bargaining unit. The MLRB's Hearing Examiner held an evidentiary hearing and issued a determination on July 11, 2016. The Hearing Examiner's decision held that both the WWTP Chief Operator/Superintendant and the Public Works Director should be included in the bargaining unit. The Town appealed the determination to the full MLRB. The MLRB reviewed the record before the Hearing Examiner and heard argument. On October 20, 2016, the MLRB issued a decision finding that the two positions were not excluded from coverage by the Maine Public Employees Labor Relations Law, 26 M.R.S. § 961 et seq (the "Act"), but also finding that the two should be placed in a separate supervisory bargaining unit. The Town now appeals the determination of the MLRB.

B. Facts

The Town of Searsport operates under the Town Manager Plan as set out in Title 30-A, Chapter 123, Subchapter 2. The WWTP Chief Operator/Superintendant has been appointed each year for the last 9 years to a one year appointment. The Public Works Director, Robert Seekins, was originally appointed to the position of Highway Foreman, effective April 1, 1995. The Minutes of the Board of Selectmen's (the "Board") Meeting of March 21, 1995 states that the Board approved the Town Manager's appointment of Robert Seekins. Since 1995, when Mr. Seekins was first appointed as Highway Foreman, his job title and job description have changed. In 2002, his job title changed to Public Works Director. At that time, the Board approved the job description. The Selectmen did not take any further action to

2

reappoint or clarify the appointment of Mr. Seekins to this new job title and job description.

As of the MLRB's determination, the Public Works Director supervised three employees and the WWTP Chief Operator/Superintendant supervised one employee. They are both tasked with planning, scheduling, assigning, and disciplining employees, if necessary. Both perform administrative tasks, for example: the purchase of equipment and supplies, record keeping, payroll, and the preparation of their department's budget. Both are responsible for the technical and mechanical operations of their respective departments and both spend a large portion of their time performing operational tasks.

The Town of Searsport 2015 Policy Book, Section 2: Appointive Authority, lists 24 officials appointed by the Board. Neither the WWTP Chief Operator/Supervisor nor the Public Works Director are on this list. The list of officials is followed by the statement, "These appointments are made subject to state statute and may be in the form of a contract." The Policy goes on to state, "The Town Manager appoints Department Heads, subject to confirmation by the Board of Selectmen. The Town Manager also appoints all other employees as authorized by the Board of Selectmen." R. 30.

II.     Standard of Review

When acting in an appellate capacity pursuant to Rule 80C and the APA, the court reviews an agency's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Somerset Cnty. v. Dep't of Corr.*, 2016 ME 33, ¶ 14, 133 A.3d 1006; 5 M.R.S.A. § 11007(4)(C)(1)-(6). The party

3

seeking to vacate an agency's decision bears the burden of persuasion to demonstrate error. *Rossignol v. Me. Pub. Emples. Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175, *Clark v. Hancock Cnty. Comm'rs*, 2014 ME 33, ¶ 22, 87 A.3d 712; *Forest Ecology Network v. Land Use Regulation Comm'n*, 2012 ME 36 ¶ 24, 39 A.3d 74.

An agency has the authority to determine the weight to be given to the evidence. *Rossignol*, 2016 ME 115, ¶ 6, 144 A.3d 1175; 5 M.R.S.A. § 11007(3). Findings of fact will be affirmed if they are supported by any competent evidence in the record, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency. *Watts v. Bd. of Envtl. Prot.*, 2014 ME 91, ¶ 5, 97 A.3d 115, 118. The reviewing court will vacate a determination that a party failed to meet that burden their burden of proof only if the record compels such a conclusion to the exclusion of any other inference. *Rossignol*, 2016 ME 115, ¶ 6, 144 A.3d 1175.

Questions of law are subject to de novo review. *York Hosp. v. HHS*, 2008 ME 165, ¶ 32, 959 A.2d 67. Deference is generally given to an agency's interpretation of an ambiguous regulation or statute that is within its area of expertise, but an agency's interpretation will be rejected if it is unreasonable or if the statute or regulation plainly compels a contrary result. *Cheney v. Unemployment Ins. Comm'n*, 2016 ME 105, ¶ 6, 144 A.3d 45; *Lippitt v. Bd. of Certification for Geologists & Soil Scientists*, 2014 ME 42, ¶ 17, 88 A.3d 154.

III.    Discussion

    a.  Municipal Public Employees Labor Relations Law

According to the Act, which establishes a public employee's right to collectively bargain, "anyone excepted from the definition of public employee under section 962

4

may not be included in a bargaining unit." 26 M.R.S. § 966(1). A public employee is any employee of a public employer, with certain exceptions. The two exceptions considered in the matter before the Court apply to any person:

> B. Appointed to office pursuant to statute, ordinance or resolution for a specified term of office by the executive head or body of the public employer, except that appointees to county offices shall not be excluded under this paragraph unless defined as a county commissioner under Title 30-A, section 1302; or
>
> ...
> D. Who is a department head or division head appointed to office pursuant to statute, ordinance or resolution for an unspecified term by the executive head or body of the public employer;

26 M.R.S. § 962(6). Where appropriate, the Act authorizes the creation of a separate bargaining unit for supervisory positions.

> In determining whether a supervisory position should be excluded from the proposed bargaining unit, the executive director or his designee shall consider, among other criteria, if the principal functions of the position are characterized by performing such management control duties as scheduling, assigning, overseeing and reviewing the work of subordinate employees, or performing such duties as are distinct and dissimilar from those performed by the employees supervised, or exercising judgment in adjusting grievances, applying other established personnel policies and procedures and in enforcing a collective bargaining agreement or establishing or participating in the establishment of performance standards for subordinate employees and taking corrective measures to implement those standards.

26 M.R.S. § 966(1).

### b. WWTP Chief Operator/Supervisor

The MLRB Decision affirmed the Hearing Examiner's determination that the WWTP Chief Operator/Supervisor should be considered a public employee with the right to collectively bargain pursuant to the Act, not subject to the exception laid out in 26 M.R.S. § 962(6)(B). According to exception (B) of Section 962(6), a person is

5

not included in a collective bargaining unit if they are "[1] [a]ppointed to office pursuant to statute, ordinance, or resolution [2] for a specified term of office [3] by the executive head or body of the public employer" 26 M.R.S. § 962(6)(B) (Numbers added). The MLRB concedes that the WWTP Chief Operator/Supervisor was appointed to his position for a series of one-year terms, by the Town Manager, who is the "executive head" of the Town. *Town of Searsport and Laborers Local 327*, No. 17-UDA-01, 3 (Oct. 20, 2016). The MLRB's determination found that the WWTP Chief Operator/Supervisor did not fall into the Section 962(6)(B) exception because the WWTP Chief Operator/Supervisor was not appointed to an "office".

The MLRB Decision looked to the Hearing Examiner's finding that the Searsport 2015 Policy Book lists 24 "officials" appointed by the Board. The WWTP Chief Operator/Supervisor is not on that list. According to the MLRB Decision, "The Town produced no evidence that this position was an 'office' of any kind or in any sense of the word beyond a synonym for 'employment'." *Id.* at 5.

The Court first looks to the plain language of the of the statute in order to give the statute the meaning the legislature intended. *Cyr v. Madawaska Sch. Dep't*, 2007 ME 28, ¶ 9, 916 A.2d 967 ("If the statute's meaning is clear, we do not look beyond its words, unless the result is illogical or absurd.") If the language of the statute can reasonably be interpreted in more than one way, the Court looks to external sources to determine the legislature's intent, deferring to the agency's interpretation where reasonable. *Arsenault v. Sec'y of State*, 2006 ME 111, ¶ 11, 905 A.2d 285.

In the statute in question, the Court finds that "office" could reasonably be interpreted in more than one way. Finding the language of the statute to be

6

ambiguous when read as a whole, the Court defers to the MLRB's interpretation of "office" unless it is found to be unreasonable. The MLRB determined that the legislative intent of Section 962(6)(B) was to carve out an exception to the right to collectively bargain for those public employees who were officially appointed to termed "offices", or official positions, that were specifically created by statute, ordinance, or resolution. There is evidence in the record to support the MLRB's finding that the WWTP Chief Operator/Superivsor is not an office according to the MLRB's definition. More specifically, the WWTP Chief/Supervisor was not an official position specifically created by statute, ordinance, or resolution. The MLRB looks to a list of officials appointed by the Board, found in the Searsport 2015 Policy Book. WWTP Chief Operator/Supervisor is not included on this list. Searsport has not offered dispositive evidence that the WWTP Chief Operator/Supervisor is an office specifically established by statute, ordinance, or resolution. Therefore, the Court defers to the MLRB's interpretation of "office" and finds that there is evidence in the record to support the MLRB's determination that the WWTP Chief Operator/Supervisor is not excluded from collective bargaining pursuant to Section 962(6)(B).

    c. Public Works Director

Searsport appeals the MLRB's determination that the Public Works Director is a public employee for purposes of collective bargaining pursuant to the Act, not subject to exception 26 M.R.S. § 962(6)(D). Section 962(6)(D) excepts from the definition of public employee any [1] department head or division head, [2] who was appointed to office pursuant to statute, ordinance or resolution, [3] by

7

executive head or body of the public employer, [4] for an unspecified term. 26 M.R.S. § 962(6)(D). The Town Manager plan of town governance, as found in 30-A M.R.S. § 2636, requires that the Town Manager appoint department heads, subject to confirmation by the selectmen. 30-A M.R.S. § 2636(5). The MLRB has interpreted Section 962(6)(D) to require that the primary function of a position excepted pursuant to Section 962(6)(D) be managerial or administrative, not solely supervisory. See *Town of Topsham and Local s/89 District Lodge #4, International Association of Machinists and Aerospace Workers*, No. 02-UCA-01, 3 (August 29, 2002). The Court finds that the language of Section 962(6)(D) is unambiguous, and therefore the Court does not look beyond the statute itself in its interpretation. *See Cyr*, 2007 ME 28, ¶ 9.

The issue before the Court is whether there is any evidence in the record that supports the MLRB's determination that Mr. Seekins is not a department head or division head, who was appointed to office pursuant to statute, ordinance, or resolution by the executive head or body of the public employer. The MLRB found that Mr. Seekins was not appointed pursuant to statute, ordinance, or resolution, and that the failure to appoint in that manner was dispositive. The MLRB decided that there was "no error in the Hearing Examiner's conclusion that the record lacked any evidence that the incumbent functioned as or even was considered a department head at the time of the appointment in 1995 or for several years after." Respondent's Brief, 10. The Hearing Examiner found that Mr. Seekins was not appointed as a department head because when he was originally appointed in 1995 it was not as a department head for the Public Works department, but instead as

8

Highway Foreman. Essentially, the Hearing Examiner found that at the time Mr. Seekins was appointed he was not appointed to a department head position and he was not subsequently appointed to another position that may be considered a department head.

The MLRB cites to *Town of Topsham*, to support the proposition that Mr. Seekins has not been "appointed to office pursuant to statute, ordinance or resolution". The *Town of Topsham* decision finds that "it is clear that in order to be appointed to office pursuant to statute, the statute must be followed. Furthermore, the confirmation step in the appointment process is what distinguishes the appointment of department heads from ordinary hires under the Town Manager Plan." *Id.* at 9. In this case, the Hearing Examiner found, and the MLRB affirmed, that Mr. Seekins was never appointed to a department head position pursuant to statute, ordinance, or resolution.

The Court finds that there is evidence in the record to support the MLRB's determination that Mr. Seekins is not excluded from collective bargaining pursuant to Section 962(6)(D) because he was not properly appointed to a department head position. The only position to which Mr. Seekins was properly appointed was the position of Highway Foreman. There is sufficient evidence in the record to find that Highway Foreman was not a department head position. Regardless of whether Mr. Seekins' current position of Public Works Director is a department head position, Mr. Seekins was never appointed by the executive head or body of the public employer to the position of Public Works Director. Without being appointed by the executive head or body of the public employer to a department head position, Mr.

9

Seekins does not fall into the exception delineated in Section 962(6)(D). The Court affirms the MLRB's determination.

### d. Supervisory Unit

At hearing, the parties agreed that if the Court were to affirm the decision of the MLRB as it pertains to the WWTP Chief Operator/Supervisor and Public Works Director's right to collectively bargain then the Court should also affirm the separate supervisory unit for the two positions. Because there is no challenge to the MLRB's establishment of the separate supervisory bargaining unit, the Court affirms the MLRB's determination on that point.

### IV. Conclusion

The Court affirms the decision of the Maine Labor Relations Board.

The Clerk is directed to incorporate this Order into the docket by reference in accordance with M.R. Civ. P. 79(a).

DATE: 6 | 21 | 17

Michaela Murphy
Justice, Superior Court

10