STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-9

JESSE ARCHER, ESQ.,

Plaintiff

v.                                                    ORDER

ANDROSCOGGIN COUNTY,

Defendant

The matter before the court is plaintiff Jesse Archer, Esq.'s appeal of his Freedom of

Access Act request. For the following reasons, the FOAA appeal is dismissed.

Background

Plaintiff is an attorney representing certain criminal defendants in Androscoggin County.

On December 9, 2021, Attorney Archer requested recordings of phone calls of Abduliwahada

Osman, an inmate at the Androscoggin County Jail. (Compl. ¶ 3; Pl.'s Ex. A.) Attorney Archer

does not represent Osman. (*Id.*) On December 11, 2021, the County denied the request on the

basis that it would be an invasion of privacy. (Compl. ¶ 4; Pl.'s Ex. B.)

Attorney Archer appealed the County's denial on January 10, 2022. Attorney Archer

contends that the recordings of inmate calls are public records, and that if they are not, the

County should not be allowed to disseminate these records to prosecutors. (Compl. ¶¶ 9-10.)

The County opposes the appeal based on three arguments:

1.) The Maine Interception of Wire and Oral Communications Act ("Wiretap Act")
specifically allows recording and disclosure of inmate telephone calls to law
enforcement, but not private individuals.

2.) Disclosure of an inmate's recorded phone calls to parties not specifically authorized by
statute would be an unreasonable invasion of that inmate's privacy.

1

3.) The recordings are not public records under the FOAA, and are not subject to FOAA requests.

Attorney Archer responds to the first argument by arguing that private attorneys appointed by a court to represent indigent criminal defendants through the Maine Commission on Indigent Legal Services (MCILS) are "agents of the state" in the same way that prosecutors are. Therefore, Attorney Archer argues, defense attorneys appointed through MCILS are entitled to access the same recordings that prosecutors have access to, which would include inmate phone calls. Attorney Archer does not address the other two arguments.

Standard

The Freedom of Access Act establishes a general right of the public to inspect and copy public records. *Doyle v. Town of Falmouth*, 2014 ME 151, ¶ 8, 106 A.3d 1145. The FOAA requires the court to liberally construe its provisions in favor of public access. *Doe v. Dep't of Mental Health*, 1997 ME 195, ¶ 8, 699 A.2d 422. The FOAA defines public records as follows:

> The term "public records" means any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business[.]

1 M.R.S. § 402(3) (2021). There are many exceptions to this definition. The exception the County relies on in this matter are "records that have been designated confidential by statute." § 402(3)(A).

"The burden of proof is on the agency or political subdivision [from whom the information is sought] to establish just and proper cause for the denial of a FOAA request." *Anastos v. Town of Brunswick*, 2011 ME 41, ¶ 5, 15 A.3d 1279. The court must liberally

2

construe the FOAA, so it strictly construes any exceptions. *Springfield Terminal Ry. Co. v. Dep't of Transp.*, 2000 ME 126, ¶ 8, 754 A.2d 353.

Discussion

The County finds its statutory exception to the FOAA in the Wiretap Act. The Wiretap Act provides, generally, that a person who "intentionally or knowingly intercepts, attempts to intercept or procures any other person to intercept or attempt to intercept any wire or oral communication is guilty of a Class C crime." 15 M.R.S. § 710(1) (2021). It is also a Class C crime for a person to "[i]ntentionally or knowingly disclose[] or attempt[] to disclose to any person the contents of any wire or oral communication, knowing that the information was obtained through interception." § 710(3)(A). However, the Wiretap Act specifically permits the following:

> It is not a violation of this chapter for an investigative officer, or for another employee of the Department of Corrections authorized to exercise law enforcement powers as described in Title 34-A, section 3011, to intercept, disclose or use that communication in the normal course of employment while engaged in any activity that is related to the administration of criminal justice as defined in Title 16, section 703, subsection 1 for the purposes of the Criminal History Record Information Act or as defined in Title 16, section 803, subsection 2 for the purposes of the Intelligence and Investigative Record Information Act; while engaged in any activity that is related to the administration of juvenile justice; or while engaged in any activity that is related to the administration of juvenile criminal justice if:
>
> A. Either the sender or receiver of that communication is a person residing in an adult or juvenile correctional facility administered by the Department of Corrections; and
>
> B. Notice of the possibility of interception is provided in a way sufficient to make the parties to the communication aware of the possibility of interception[.]

§ 712(2). The parties do not dispute that this exception applies to the calls at issue.

The Wiretap Act also allows for disclosure of any oral communication or wire communication that has been legally obtained pursuant to subsection 2 to be disclosed to a state

3

agency if related to the statutory functions of that agency. § 712(4). Thus, disclosure of inmate phone calls to state prosecutors is permissible when those disclosures are made to further the prosecutor's handling of cases.

Attorney Archer alleges that, because he is a court appointed attorney, appointed through MCILS, he is an "agent of the state" to the same extent as a prosecutor. The law does not support his position. The Supreme Court has found that a public defender, who is directly employed by the state, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). While attorneys appointed through MCILS are not exactly analogous to public defenders, their relationship to the state is only more attenuated. Attorney Archer is not acting as an agent of MCILS in his representation of his client, and thus does not fall within § 712(4).

Attorney Archer did not respond to the second and third arguments raised by the County, so the court will address them only briefly. The County seems to take the position that there is a freestanding privacy exception to the FOAA, which the court is unable to find any authority for. The cases the County cites, *Mainetoday Media, Inc. v. State*, 2013 ME 100, 82 A.3d 104 and *Blethen Me. Newspapers, Inc. v. State*, 2005 ME 56, 871 A.2d 523, both deal with the privacy exception found in 16 M.R.S. § 614(1), the Criminal History Record Information Act. § 614(1) prohibits disclosure of records that contain "intelligence and investigative information" if there is a "reasonable possibility that public release or inspection of the reports or records" will give rise to one or more of the exceptions set out in the statute, one of which involves privacy interests. There has been no showing here that the records at issue contain intelligence and investigative information, so the court must strictly construe the exception and rule that it does not apply. *See Springfield Terminal*, 2000 ME 126, ¶ 8, 754 A.2d 353.

4

The court is persuaded by the County's final argument, which stands unopposed as well. The County argues that recordings of inmate phone calls are not information relating to the transaction of public or governmental business, and so fall outside the definition of public records. Without any information about the purpose for which these calls were collected, the court must agree with the County. As it stands, it seems the calls at issue are only private calls, collected by the jail as a matter of course. The private conversations of inmates, on their own, are unrelated to the transaction of any public business, and therefore are not public records under the FOAA

The entry is

Jesse Archer, Esq.'s Freedom of Access Act appeal is
DISMISSED.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: April 5, 2022

Harold Stewart, II
Justice, Superior Court

5