STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
Cumberland ss, Clerk's Office

JUL 15 2016

RECEIVED

CIVIL ACTION
DOCKET NO: CV-14-149

MICHAEL DOYLE

v.

ORDER AFTER IN CAMERA REVIEW

TOWN OF SCARBOROUGH

Plaintiff Michael Doyle submitted a FOIA request for all emails between Robert Moulton and three women, Lori Bedor, Cathy Chandler and Linda Fowler. The Town produced some documents and did not provide other documents on the grounds that these email communications fell within an exception to the definition of public records as set forth in 1 M.R.S. §402. At the court's request, the Town produced the disputed documents for in camera review and set forth the basis for protection of each set of documents. The court has completed her FOIA review.

The Freedom of Access Act (FOAA), 1 M.R.S. §400, requires that public actions and records be made available to the public. 1 M.R.S. §401. "Public records" is defined in 1 M.R.S. §402(3). The FOAA is to be liberally construed. *Dow v. Caribou Chamber of Commerce and Indus.*, 2005 ME 113, ¶9, 884 A. 2d 667. The burden of proof falls on the agency to establish "just and proper cause" for the denial of a Freedom of Access Act request. See 1 M.R.S §409(1)(2015)(stating that, on appeal to the Superior Court, the court must enter an order for disclosure if it determines "denial was not for just and proper cause").

Section 402(3) defines "public records" to include:

[A]ny written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political

subdivisions, . . . *and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business,* except:

A.      Records that have been designated confidential by statute;

B.      Records that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding;

N.      Social security numbers; [and]

O.      Personal contact information concerning public employees, except when that information is public pursuant to other law.

1 M.R.S.A. §402(3)(Emphasis supplied).

The Town argues that most of the documents that are marked for *in camera* review are not pubic records under 1 M.R.S §402(3), §402(3)(B), 402(3)(N) & (O), 30-A M.R.S. §2702(1)(B)(1) and (4), and 30-A M.R.S. §2702(1)(A).

The court hereby finds that the Town established just and proper cause for the denial of a FOIA request and orders that the following documents are protected from the FOIA request as follows:

1.      Documents marked *in camera* pages 1-280, 293-304, 306-389, 392-620, 623-819, 821-858, 861-866, 869-873, 875-877, 882-883, 886, 889-896, 902-906, 908-920, 931-964, 969-970, 974-977, 980-986, 989, 1005-1049, 1052-1112, 1125-1169, 1172-1185 and 1188-1193. Pursuant to 1 M.R.S. §402(3), the court concludes the foregoing documents are not public records because they were not received or prepared for use in connection with transaction of public or governmental business and do not contain information relating to the transaction of public or governmental business.

2.      Documents marked *in camera* pages 283, 284-285, 305, 965-968, 898-901, 907, 921-923, 926-927. Pursuant to 1 M.R.S. §402(3)(B), the court finds that the foregoing documents are not public records because they are protected from public

disclosure because they would not be subject to discovery in a civil proceeding because they are irrelevant to the information sought by plaintiff and would reveal confidential information and in some cases highly personal information regarding a non-party.

3.      Documents marked *in camera* pages 390-391, 621-622, 867-868, 874, 897, 1170-1171.  Pursuant to 30-A M.R.S. §2702(1)(B)(1)(4), the court finds that these documents are protected from public disclosure because they involve information pertaining to an identifiable employee and contain medical information regarding that employee, or contain information pertaining to the personal history, or general character or conduct of members of an employee's immediate family.

4.      Documents marked *in camera* 878, 887-888, and 929-930.  Pursuant to 30-A M.R.S. §2702(1)(A), the court finds that these records are protected from public disclosure because they concern information prepared by the municipality or use in the evaluation of applicants for the positions as municipal employees.

5.      Documents marked *in camera* 286-288, 289-240, 291-292, and 928. Pursuant to 1 M.R.S. §402(3)(N) & (O), the court finds that these documents are protected from public disclosure because they reveal personal contact information concerning public employees or employee social security numbers.

The Town does not assert protection with respect to the following documents; therefore, the court hereby ORDERS the Town produce to plaintiff documents marked *in camera* 281-282, 820, 971-972, 978-979, 988, 990-1003, 1050-1051, 1123-1124, and 1186-1187.

Date:  July 15, 2016

_____
Joyce A. Wheeler, ARJ
Maine Superior Court

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-149

MICHAEL DOYLE,

     Plaintiff

v.

DECISION ON FOAA APPEAL

TOWN OF SCARBOROUGH,

     Defendant.

This matter came before the court for hearing on December 1, 2015 on Michael Doyle's (hereinafter "Doyle") Freedom of Access Act Appeal (hereinafter "FOAA appeal") pursuant to 1 M.S.R. § 409.[1] Doyle appeared *pro se*. Mark Franco, Esquire, represented the Town of Scarborough. Two of the matters that were before the court and left unresolved are addressed in this decision. First, the court will consider Doyle's FOAA appeal, asking the court to compel the Town to disclose certain emails. Second, the court will consider Cross Motions for Sanctions.

A.    FOAA APPEAL

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Freedom of Access Act appeal pursuant to 1 M.R.S. § 409 on March 31, 2014. Initially he challenged the fee the Town sought for its production of FOAA materials. On March 4, 2014, Doyle sought in his FOAA request in this case to inspect emails between Scarborough Police Chief Robert

---

[1] Doyle filed at least two motions to recuse the undersigned judge. That request was denied for reasons state on the record prior to the hearing on December 1, 2015.

1

Moulton and Lori Bedor, Moulton and Cathy Chandler and Moulton and Linda Fowler. *See* page 4 of Def's Ex. 5. That request was sent to the Town Clerk who sought clarification of the scope of his request to which Doyle responded, "to the beginning of time." The Town Clerk sent on March 19, 2014 a bill to Doyle with an estimate of 93 billable hours and seeking for advance payment in the amount of $3,260, based on an estimate provided by the Director of IT for the retrieval and copying of the documents. See Def's Ex. 2. This is the estimate that Doyle challenged in his FOAA appeal. He asked the court to reduce the estimate and order the production of the requested documents. In subsequent correspondence, the request was narrowed and the costs associated with the time period from 2012 forward were reduced to $570.

The Town's initial estimate included the retrieval of archived emails, as compared to live emails that are currently in the email box and easily retrievable. Retrieval of archival emails would require time, money, additional hardware and software and consequently quite costly. *See* Def's Ex. 1. There is no hardware to pull emails prior to 2007. The Town could purchase hardware to pull emails from 2007-2010. Emails since 2012 exist in a live environment and are readily available. After the request was narrowed, the Director of IT pulled the live emails. She pulled each email with the names Moulton, Chandler, Fowler and Bedor. She then printed only those emails between Moulton and these three individuals. This task took her a week of her time. Only emails between Moulton and Chandler existed. There were no emails between Moulton and Fowler or between Moulton and Bedor. The Town sent a $570 invoice to Doyle to copy 1,137 pages of emails that the Town was able to recover. *See* Def's Ex. 4.

Doyle has not yet paid anything to the Town for the copying of the

2

recovered emails. Nevertheless, the Town permitted Doyle access to the 1,137 pages of emails about a week ago. Doyle spent six and one half hours inspecting the produced emails and did not request that any of these emails be copied.

At the hearing, Doyle learned that the Town Manager and the Town's attorney in this case reviewed the emails before Doyle's inspection and excluded more than 100 and less than 1,000 emails based on FOAA exclusions. The Town offered no evidence regarding the excluded emails except to state that the emails were excluded under statutory exclusions. The Town did not identify on which exclusions it was relying. Consequently, Doyle asked that the court order the Town to produce the withheld documents to the court for its *in camera* review of the excluded emails. Thus the first issue in this case is whether the Town has met its burden to demonstrate the basis for the denial of those emails that the Town contends come within any of the statutory exceptions.

Although Doyle's appeal began as a claim that the cost of disclosure was tantamount to a denial, he now also claims first that he suspects that there are other emails that the Town has not made available to him and second that there are emails that the Town has not disclosed and that the Town claims are excluded under statutory exceptions.

The claim of incomplete disclosure is partially meritorious because the Town did not issue a written denial to Doyle's request and Doyle only learned at the hearing that the Town had screened out those emails that the Town Manager and Town's attorney believed were excepted under FOAA. Because a denial under section 409(1) can occur through silence or failure to act, Doyle has established that a denial by omission has occurred with respect to the withheld emails.

3

His claim that the Town's disclosure is incomplete because he believes there are other emails based upon information from undisclosed individuals has no merit. In the absence of any probative evidence of the existence of these emails, Doyle has not persuaded the court that a denial pursuant to section 409 of the FOAA has occurred with regard to these unknown emails.

## DISCUSSION

The purpose of the FOAA is to open public proceedings and require public actions and records are available to the public. *Town of Burlington v. Hosp. Admin. Dist. No. 1*, 2001 ME 59, ¶13, 769 A. 2d 857. The FOAA "must be liberally construed and applied to promote its underlying purposes and policies contained in the declaration of legislative intent." *Med. Mut. Ins. Co. v. Bureau of Ins.*, 2005 ME 12, ¶ 5, 866 A. 2d 117 (quoting 1 M.R.S. § 401 (1989)). In contrast, exceptions to FOAA are strictly construed. *Springfield Terminal Ry. Co. v. Dep't of Transp.*, 2000 ME 126, ¶ 8, 754 A. 2d 353. "The party seeking the denial of a request to inspect and copy a record pursuant to section 408(1) has the burden to demonstrate the basis for the denial. *Med. Mut. Ins. Co. v. Bureau of Ins.*, 2005 ME 12, ¶ 6, 866 A. 2d 117. The court must determine whether the refusal, denial or failure was not for just and proper cause. 1 M.R.S. § 409(1).

A public record can include an email. An agency or official must provide access to electronically stored public records, including e-mails, as a printed document. Any record, regardless of the form in which it is maintained by an agency or official, can be a public record. As with any record, if the e-mail is "in the possession or custody of an agency or public official of this State or any of its political subdivisions . . . and has been received or prepared for use in connection with the transaction of public or governmental business or contains information

4

relating to the transaction of public or governmental business" and is not deemed confidential or excepted from the FOAA, it constitutes a "public record". 1 M.R.S. § 402(3).

The FOAA specifies a number of exceptions. 1 M.R.S. § 402(3A)-(3T). If not excluded, the FOAA provides that a person has the right to inspect and copy public records. 1 M.R.S. § 408-A. In Maine, there are over 300 statutory exceptions to the Freedom of Access Act's definition of a public record. Many of these exceptions specifically designate a certain type of record, or a class of information within a record, as confidential or otherwise not subject to the Freedom of Access laws. Without any guidance from the Town as to what exceptions it is invoking, the court cannot determine whether the Town met its burden of establishing just and proper cause for the denial of a FOAA request with respect to the withheld emails. *See Anastos v. Town of Brunswick*, 2011 ME 41, ¶ 5, 15 A.3d 1279.

When an agency denies access to a public record, it must provide the reason for its denial in writing within 5 working days of the receipt of the request for inspection or copying. 1 M.R.S. § 408-A(4). The Town never stated it was denying access to certain records until at the hearing. A denial under section 409(1) can occur through silence or failure to act. The court finds that the Town's omission is tantamount to a denial. Therefore, the Town bears the burden of demonstrating the basis for its denial. *See Anastos v. Town of Brunswick*, 2011 ME 41, ¶ 5, 15 A.3d 1279. Having failed to do this at the hearing, the court orders that the Town provide within 21 days of the date of this order all documents that the Town claims are protected from disclosure as well as a statement of which exception protects each email to the court for an in camera review. The court

5

recognizes that Doyle has taken up an extraordinary amount of the Town's time with his frequent FOAA requests. Between March 2, 2014 and November 2014, Doyle has sent 53 separate FOAA requests, some of which contained more than one request. *See* Def's Ex. 5. However, Doyle's conduct does not excuse the Town with its obligation to comply with FOAA.

With respect to the $570 in fees charged by the Town to Doyle, the court finds that it would be reasonable for the Town to charge the cost to pull the emails and to convert them to a usable format. The $570 cost is based on copying 1,317 pages, which is significantly less than the cost of conversion or compilation. In this case, that cost would be the equivalent of one week of the Town Clerk's salary, which is $1,000 per week net. Although the Town ultimately permitted inspection without requiring Doyle to pay anything, the Town could charge fees in accordance with 1 M.R.S. § 408-A(8). The FOAA permits an agency to charge a reasonable fee to cover the cost of copying documents. 1 M.R.S. § 408-A(8)(A). FOAA also permits the recovery of the actual cost of searching for, retrieving and compiling the requested documents in accordance with subsection 408-A(8)(B). Further, the cost of converting a public record into a form susceptible of visual comprehension or into a usable format may be charged. 1 M.R.S. § 408-A(C). The agency may not charge for inspection unless the public record cannot be inspected without being compiled or converted. 1 M.R.S. § 408-A(D). Because Doyle refused to pay the cost of compiling or converting the emails, even after the cost was drastically and reasonably reduced to $570, the court refuses to find that the Town did not respond to his FOAA request with respect to those emails that were disclosed.

6

## B. CROSS MOTIONS FOR SANCTIONS

The parties have filed motions for sanctions against each other. The motions do not relate to the FOAA claim but the acts giving rise to the request occurred within the FOAA action.

Doyle claims that Attorney Franco, the Town's attorney in this matter, threatened him when Franco stated in a conference following a show cause hearing, "If you stay away from Southern Maine you won't have to deal with me any more." Doyle taped and saved this portion of the recording he made of the conversation but he did not save the entire conversation. He contends he has the entire conversation but that he has lost the cell phone on which that conversation was recorded. Defendant contends that without the entire conversation to put this statement in context, Doyle's motion should be denied. Doyle contends that counsel lied in his affidavit when he stated his memory of that conversation. The court will not find that counsel lied when counsel was not afforded a copy of the tape recording or any portion of that recording that Doyle made. Counsel recalls that he had a friendly conversation with Doyle during which they covered a wide range of topics and that he joked that his understanding was that he was telling Doyle that if he stopped filing lawsuits against municipalities, they would not have to hire counsel and plaintiff would not have to deal with counsel anymore. Regardless of what was said, Doyle's motion for contempt is denied for the following reasons.

Doyle styles his motion as a Rule 66(d)(3)(c) motion. However, he does not cite any order that is violated. He does not cite any evidence of contempt. The court rejects Doyle's analogies set forth in his motion. The court also rejects his attempt to include other law firms, towns and the Maine Municipal

7

Association in this action for purposes of sanctions.[2] Finally the court rejects Doyle's claim that the statement made arises to the level of criminal threatening, 17-A M.R. § 209, or terrorizing, 17-A M.R.S. § 210.[3] The attorney's statement does not expressly or implicitly convey a threat to engage in violent conduct or to cause physical harm.

Defendant filed an opposition and its own motion for sanctions. Defendant seeks the cost of defending against Doyle's motion on the grounds it violates M.R.Civ.P. 11(a) and was filed to intimidate and harass counsel and to quell municipalities from exercising their rights to demand payment prior to responding to FOAA requests and to retain counsel to assist in the response to the requests when challenged. In short, Defendant asserts that Doyle's motion was not instituted in good faith and constitutes harassment and abuse of process.

The court concludes that Doyle's motion is frivolous, completely without merit and a complete waste of judicial resources.[4] Although he appears pro se, the Law Court has made clear that pro se litigants are held to the same standard as lawyers. Plaintiff's motion for sanctions is summarily dismissed and the court orders Doyle to pay Attorney Franco $292.50 (the attorney fees incurred

---

[2] Doyle requests that the court assess these entities significant penalties and enter an order that these entities be barred from defending any other FOAA case brought by plaintiff and from representing any plaintiff or defendant in any case in which Michael Doyle is a party.

[3] Doyle made this same allegation to the Board of Overseers of the Bar, which was promptly denied.

[4] Doyle filed at the hearing yesterday a similar motion, captioned a motion for the court to rescinding previous unfounded accusation against plaintiff. This motion refers to findings the court made in its Show Cause Order, dated February 27, 2015, including findings that Doyle's financial affidavit was false and his testimony suspect. The court has read the transcript from that hearing which fully supports these findings. That motion is summarily dismissed.

defending against Doyle's motion) as a sanction for filing his frivolous motions.

The entry is:

The Town is ORDERED to submit under seal the emails that it contends are protected by statutory exceptions for an *in camera* review by the court and set forth the statutory basis for each exclusion. The documents produced by the Town shall be impounded until further order of the court.

Plaintiff's motion for sanctions is DISMISSED.

Defendant's motion for sanctions is GRANTED and plaintiff shall pay within 21 days $292.50 to Marco Franco, Esquire.

Dated: December 4, 2015

Joyce A. Wheeler
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

DEC 04 2015

RECEIVED

9